THOMAS J. EARHART *v.* NEW ORLEANS AND CARROLLTON RAIL ROAD COMPANY.

The act of 18th March, 1855, for a suit in damages, under Art. 2294, is a legal subrogation in favor of the persons there designated, to the right of action of the deceased sufferer, and the plaintiff must allege his cause of action as derived from the deceased.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Durant & Hornor for plaintiff.*—This is an action for damages, brought by the father of a child killed at the Carrollton railroad depot, on the 31st of January, 1860, from being knocked down by a locomotive engine and run over. Both legs of the boy were crushed, and amputation ineffectually resorted to to save his life.

The defendant first filed an exception, that the petition set forth no cause of action; and, in case this was overruled, a general denial.

There can be no doubt of the correctness of the judgment of the lower court on the exception. See act of 15th March, 1855, pp. 270 and 271.

The case was tried before a jury, who gave a verdict for one thousand dollars; and defendant has appealed.

We will first call attention to the bills of exception in the record.

The plaintiff's counsel offered to prove by a witness, *Thomas Gleary*, who had charge of the engine when the event occurred, that he, the said *Gleary*, while in the defendants' employ, had run over other persons and inflicted other injuries. This testimony the court rejected; and in so ruling the court erred, for the testimony was admissible to show the character of the witness, that he was a reckless and unskillful man, and that, knowing him to be such, the defendants kept in their employ.

The next bill of exceptions is on page 45. The plaintiff put upon the stand the brother of the deceased boy, and his own son, who being objected to by defendants, was rejected as a witness by the court. In this the court erred. The suit is not really that of the father; but of the deceased child. The statutes says, act of 1855, p. 270: "The right of this action shall survive." What action? That which the injured party had. The right of action not being in the parent, those who are deemed incompetent by reason of their relation to the latter, in his own case, cannot be deemed incompetent in this. The tendency is to admit, not to exclude witnesses; and this is sustained by reason. Suppose the action commenced during the lifetime of the child, the brother would then be a competent witness. Suppose the child to die while the trial was going on, before or after the brother was sworn, how could the death render him incompetent? The witness was not offered "with respect to his father," as prohibited by L. C. Article 2260, but with respect to his deceased brother.

*C. Roselius for defendant and appellant.*—No action can be maintained by the father for the death of his minor child, unless he sets forth and claims specific actual damages. The present is simply an action sounding in damages for an alleged tort. He avers that by reason of this

EARHART
N. O. & C.R.R.C.
*v.*

heavy calamity, he, himself, his wife, the mother of the said Osborne, and the whole of petitioner's family, were and remain plunged in the deepest grief and affliction, and your petitioner has suffered damages from the illegal and wrongful conduct of the company, as above set forth, to the extent of twenty-five thousand dollars.

It seems clear to me that the plaintiff's action thus brought for damages sustained by himself can derive no support from the act of the 15th March, 1855 (see Revised Statutes, p. 271), for that law merely provides that, "in case of the party in whose favor the right to claim damages for a tort has arisen should die before exercising it, the action for enforcing it shall survive in favor of the minor children and widow of the deceased, or either of them; and in default of these, in favor of the surviving father or mother, or either of them, for the space of one year from the death."

There is no obscurity nor ambiguity in this language. It has a clear, obvious meaning, and that is, that the surviving relatives, here spoken of, may bring an action for the recovery of the damages suffered by the deceased by reason of the tort committed by the defendant. If there existed any right of action resulting from facts alleged, it clearly belonged to the sufferer, and not to his father, except by transmission at his death, under the statute above referred to, amendatory of the 2294th Article of the Code. It is therefore respectfully submitted that the exception to the petition should have been sustained, and the suit dismissed.

But even if the action in its present form can be maintained, it is confidently submitted that under the evidence in the record, the verdict should be set aside and the judgment reversed. There cannot be any doubt that the unfortunate young boy met with this sad misfortune through his own imprudence. Every care and precaution was taken by the servants of the defendants to avoid this accident. Under such a state of facts, he could not recover any damages if he were living, nor can his father recover any after his death. 17 L. R. p. 361; 18 L. R. p. 339; 6 A. R. p. 496; 9 A. R. p. 441; 11 A. R. p. 292; 1 A. R. p. 374; 3 A. R. p. 48; 3 A. R. p. 441.

LABAUVE, J.   The plaintiff alleges, in substance, that the New Orleans and Carrollton Railroad Company is legally indebted unto him in the sum of $25,000; that, on the 31st January, 1860, petitioner's son, Osborne C. Earhart, was thrown down and run over by a locomotive steam engine, driven on the track of said company by persons in its employ; that petitioner's son was between ten and eleven years old, and standing then and there quietly, looking at the cars and train, when, suddenly and without giving any warning, one of the locomotives and trains backed and struck the said Osborne, who was standing with his back to the said locomotive and train, crushing both his legs, which were amputated in the hope of saving his life, but that the operation was ineffectual; and soon after, on the 5th day of February, after having endured the most intense suffering, the said Osborne died; that the servants of said company, then in charge of said locomotive and train, managed them in a careless and unskillful manner, and that, by reason of this carelessness of said servants, his son Osborne suffered a cruel and painful death.

Your petitioner further shows that, by reason of this heavy calamity,

he himself, his wife, the mother of the said Osborne, and the whole of petitioner's family were and remain plunged in the deepest grief and affliction; and your petitioner has suffered damages from the illegal and wrongful conduct of the company, above set forth, to the extent of $25,000.

He prayed accordingly.

The defendant filed the following exception :

The defendant herein, the New Orleans and Carrollton Railroad Company, excepts to plaintiff's petition, and for cause of exception represents to this honorable court that said petition sets forth no lawful or valid cause of action; prays that said exception be sustained and plaintiff's demand rejected.

The District judge overruled the exception; verdict and judgment having been rendered on the merits, in favor of plaintiff, the defendant took this appeal.

Before the passage of the act of 15th March, 1855, amending Art. 2294 of C. C., it was considered as settled that actions like the one at bar were purely personal, and not transmissible with the succession of the party sufferer, but died with him. The Supreme Court had said that it required a special statute to give this right of action to other parties. 6 A. 495. 11 A. 5. It is, in consequence of this, it is supposed, that the act above referred to was passed, reading as follows :

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in cases of death, in favor of the minor children and widow of the deceased, or either of them, and, in default of them, in favor of the surviving father or mother, or either of them, for the space of one year from the death."

The plaintiff, to bring his case within the provisions of the statute, should have alleged the cause of action in, and the damages suffered by, his deceased child, and survived under the statute, in himself, plaintiff. But, on the contrary, he alleges the cause of action in himself as the sufferer of damages, to wit : "He avers that, by reason of this heavy calamity, he himself, his wife, the mother of said Osborne, and the whole of petitioner's family, were and remain plunged in the deepest grief and affliction, *and your petitioner has suffered damages* from the illegal and wrongful conduct of the company, as above set forth, to the extent of $25,000."

In the words of the statute, it is a legal subrogation in favor of the persons designated, to the right of action of the deceased sufferer; and, in case of a suit under that subrogation, the plaintiff should allege his cause of action as derived from the deceased, under the statute.

It is therefore ordered and decreed, that the judgment of the District court be annulled and avoided; it is further ordered and decreed, that the exception be sustained and the petition dismissed, as in a case of nonsuit; the plaintiff and appellee to pay costs in both courts.

HOWELL, J., recused.