## No. 12,747.

### AUGUST HUBERWALD ET ALS. VS. ORLEANS RAILROAD COMPANY.

The right of action for damages *ex delicto*, under Art. 2315, C. C., does not survive in favor of the children of age.

The right survives in favor of the minor children, or widow of the deceased. The descriptive words of the article do not include the heirs of ages. The right is personal and limited to those indicated by the statute.

The right given to the minor, in whose behalf it (the right to damages) is not claimed or exercised during minority, abates after her majority.

The right is attached to the person and is not heritable. Affirming, Hermann vs. Railroad Company, 11 An. 5; Hubgh vs. Railroad Company, 6 An. 496; Walton vs. Booth, 34 An. 913; Chivers vs Rogers, 50 An. —.

A PPEAL from the Civil District Court for the Parish of Orleans.
  *Rightor, J.*

*W. S. Benedict* for Plaintiffs, Appellants.

*Frank D. Chrétien* for Defendant, Appellee.

Argued and submitted March 26, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BREAUX, J. This was an action for the recovery of damages arising from the death of petitioner's father, Rudolph Huberwald, January, 1896, caused, they aver, by the negligence of the defendant in its operation as a street railway.

Their mother, Malvina Huberwald, died on the third day of February, 1896.

On the 17th of November the children of Rudolph Huberwald, averring that the injury sustained by their father of which he died survived in their mother, brought this suit. They alleged that the rights of their mother descended to them by inheritance. All of the children were of age on the day of their father's death except Malvina. The suit was not brought during her minority. Defendant answered pleading a general denial, and especially pleaded that the mother of petitioner having died a few days after her husband without having sued, her right to damages was not inherited by the major heirs, and that Malvina Huberwald, who was a minor, and in whose behalf no suit was brought during her minority lost by her majority her right of action. The minor had become of age a few months prior to the institution of this suit. The court *a qua* sustained the grounds of exception, made part of the answer. From that judgment the plaintiff appeals.

The right of action arising from a *quasi*-offence against one's person has always been considered and treated by this court as a personal action not heritable without legislative sanction.

It is, unless there is provision made to the contrary, a right purely personal.

But to an extent at least the law upon the subject is pronounced. It prescribes that every *quasi*-offence giving rise to damages shall be repaired. As long as the article relating to offence and *quasi*-offence read: "Every act whatever of man that causes damages to another, obliges him, by whose fault it happened to repair it" (C. C. 2315), the personal right of the one injured to pecuniary reparation was recognized by the decisions of this court. It was understood that he who caused damage should make indemnification to the one damaged, whether it had been done by himself or through some fault of his. But the right under the article quoted terminated with the person injured; it was not heritable; in other words, the loss sustained by the widow and children growing out of the death of the husband and father was not considered compensable from a pecuniary point of view. These wrongs went unredressed in the Civil Courts. Correction was sought only by criminal prosecution, in case the person injured did not survive his injuries.

In two cases, Hubgh vs. New Orleans & Carrollton R. R. Co., 6 An. 495; and Herman vs. New Orleans & Carrollton R. R. Co., 11 An. 5, the question received the close consideration of this court, prior to

the amendment of the statute; and it was held that the killing of a human being was not to be regarded as a direct injury to his family, compensable in money. In the second of the two cases, Herman vs. New Orleans & Carrollton R. R. Co., 11 An. 5, the court said that the question had been argued with great ability in both cases. The elaborate briefs of counsel are copied in the report.

The opinion of eminent jurists were cited in these cases in support of a contrary view. The court, nevertheless, adhered to the first decision, and said that the difficulties created by the learned argument of plaintiff's counsel in the joint case did not justify them in disregarding the well considered decision previously rendered.

The court added " and were the question *res nova* we should feel great difficulty in arriving at a satisfactory conclusion."

The question was before the court again in Chivers against Rogers, 50 An. ——.

The cited cases *supra* were affirmed. Three decisions rendered upon an important issue after elaborate argument of counsel, should we think, have the weight of authority of *stare decicis*, more particularly as there is a decision expressing a contrary view in our books.

In 1885, the section before quoted of the Civil Code was amended in order, to the extent expressed in the amendment, to enable those named in the amendment to bring suit. A limited order of succession was instituted. " In case of death, the right of this action shall survive in favor of the *minor* heirs, or widow of the deceased."

In the case last cited, and in Walton vs. Booth, 34 An. (914), it was held that the right of action could be exercised only by those named in the act. As to those only, the amendment was *damnum injuria datum*. The major children of the deceased (not being named in the statute amending the law) are without right. This was in effect the interpretation of this court prior to the amendment, and it remained unchanged by the legislative action taken in the matter at the time.

This brings us to another question, different in some respects to the one we have just left. It arises from the fact that one of the children was a minor at the father's death. She was, we have seen, of age when the suit was brought. The law appears to have for object the needs of the minor. This court said in one of the cases

cited *supra* that those heirs not expressly included were excluded, and that the amendment should be strictly construed. From that point, we would not be justified in deciding that after majority a minor retains the right to sue (although no action was instituted " prior to the majority " ).

Blackstone, Vol. 4, p. 385, states: "That the only crime against one's relations for which an appeal may be brought is that of killing him by either manslaughter or murder. But this can not be brought by every solution, but only by the wife for the death of her husband, or by the heir male, for the death of his ancestor. It is given to the wife on account of the loss of her husband; therefore, if she marries again before, or pending her appeal, it is lost and gone; or if she marry after judgment, she shall not demand execution." The ruling growing out of the change of status applies here.

The minor after majority is no longer possessed of the quality required of the statute. Moreover the right would assume the nature of a property right and not one attached to the person if it remained after the change of *status* from her minority to her majority. It would become transmissible, or one over which creditors might exercise a right in *nomine debitori.*

From any point of view, in our judgment, the right to be of any avail must at least have been claimed judicially at the time of the change of *status* in order that the intended beneficiary may recover for the injury.

We feel for those who are left without a supporter and advisor owing to accident, and are not inclined to a conclusion debarring them from the right of ascertaining whether there was actionable negligence.

But we must interpret the law as it is written—*jus discere et non jus dare* is the part of the court.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.

MR. JUSTICE BLANCHARD takes no part in this decision.