O’NIELL, J.
The plaintiff sued for $12,000 damages for the death of his wife, who was killed by a railroad train of the defendant company. Before answering the petition, the defendant filed an exception of no cause or right of action, which was overruled, and the defendant filed an answer. The trial by .a jury resulted in a verdict in favor of the plaintiff for $2,500, and the defendant has appealed.
The nature and extent of the damages alleged to have been suffered by the plaintiff are set forth in the seventh paragraph of his petition, viz.:
“Petitioner further shows that his deceased wife left no minor children, and that, as surviving spouse, he has a right to recover damages for her death; that she was less than 45 years of age; that he and she were living happily together, being the only occupants of their home; that she assisted him greatly in providing the comforts of their home, by keeping the house, cooking, and doing the duties of a good housewife; that she was capable of fulfilling-all the responsibilities of a devoted wife and companion; that she was always with him to care for him, comfort, and console him; that he is now past the meridian of life, with no one to live with or to look after his comfort; that by the negligent killing of his said wife, as above set forth, he has been deprived of'her companionship, society, love, affection, and assistance, to his great loss and damage in the sum of $12,000, as above set forth.”
It was not alleged that the deceased did not leave a major son or daughter, and it was proven on the trial that she is survived by a majon-son.
The plaintiff did not allege, directly or in effect, that a right of action for damages existed in favor of his wife and survived in his favor as her surviving husband. He is suing only for the loss alleged to have been suffered directly by him on account of the death of his wife.
[1, 2] The question presented by the demurrer or exception of no cause of action is whether a man has a right or cause of action for damages for the death of his wife, under any circumstances.
The right of action for damages arising ex delicto is provided for in oúr Civil Code. This provision appeared as article 16 of title IV, Book III of the Digest of the Civil Laws in Force in the Territory, the Act of March 31, 1808, called the Civil Code of 1808, viz.:
“Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it, even though the fault be not of the nature of those which expose to the penalties of simple or correctional police.”
The above quoted article appeared in the Civil Code of 1825 as article 2294, omitting “even though the fault,” etc. And in the decision in Hubgh v. N. O. & C. R. R. Co., 6 La. Ann. 498, 54 Am. Dec. 565, rendered in 1851, it was held that this article did not give to any surviving relative a cause of action for damages for personal injuries resulting in death. It was observed that an action for damages for the killing of a human being did not exist in common law, nor in the Roman or Spanish laws, in which the provisions of the article of the Code were found; and it was held that that article had not enlarged the remedies given by the former laws in cases of damages arising from torts.
Thereafter, by Act No. 223 of March -15, 1855, article 2294 of the Code of 1825 was amended by adding:
“The right of this action shall survive in cases of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year.”
*355 In the case of Virginie Hermann, widow and tutrix, etc., v. N. O. & O. R. R. Co., 11 La. Ann. 5, decided in 1856, the damages claimed were for the loss of support of the man killed by the defendant railroad company, the husband and father of the plaintiffs ; and, affirming the decision in Hubgh v. Railroad Co., it was said:
“Whether the recent act of the Legislature (Acts 1855, P'. 271) has changed the law in this respect we do not consider it necessary to decide. The statute, having been passed since the acts complained of, cannot have any effect upon this case.”
As amended by Act No. 223 of the 15th of March, 1855, article 2294 of the Code of 1825 was retained in the Revision of 1870 as article 2315, viz.:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right 'of this action shall survive in case of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor .of the surviving father and mother or either of them, for the space of one year from the death.”
The amended article, with the slight changes made in copying it into the Revised Code, did not yet give to any surviving relation a cause of action for damages for the loss suffered directly by the survivor, on account of the death of a person, caused by the fault or negligence of another. The first ease in which the amending statute of 1855 was construed, with this regard, was that of Earhart v. N. O. & C. R. R. Co., 17 La. Ann. 243, decided in 1865. The suit was for the damages alleged to have been suffered by the father on account of his grief caused by the killing of his child by the defendant. It was held that the amended article of the Code only gave to the plaintiff a right of action for such damages as his deceased child had suffered, viz.:
“The act of 18th March, 1855, for a suit in damages, under article 2294, is a legal subrogation, in favor of the persons there designated, to the right of action of the deceased sufferer, and the plaintiff must allege his cause of action as derived from the deceased.”
In the case of McCubbin, Tutor, v. Hastings, 27 La. Ann. 713, decided in 1875, the surviving husband sued, in his own behalf and as tutor of his minor child, for damages for the death of his wife, the mother of his child. As to the demand made in his own behalf, it was said:
“His damages, if he is entitled to any, is the amount expended by him for medical and other services. * * * The plaintiff has not shown what he expended, and therefore we can give him no judgment.”
In behalf of his minor child, he' claimed damages for the suffering which the deceased mother had undergone from the fatal dose of medicine given to her through the alleged negligence of the defendant, and claimed also the damages suffered by the child ‘on account of the loss of a mother’s care. It was held that the child had no other right of action than was inherited from the deceased mother, under the statute of 1855, amending the article of the Code.
And in the case of Vredenburg et al. v. Behan et al., 33 La. Ann. 627, decided in 1881, after the Revision of the Code, it was held that the judge had erred in charging the jury: “That damages can be claimed by the heirs of the deceased for the loss of his life.” Again it was said:
“The act of 1855, amending article 2315 of the Civil Code, expressly limits such right [of action] in favor of the widows and minor heirs to the right of action which the deceased would have had, had he survived the injury, and it cannot be extended beyond this.”
In the case of Walton et al. v. Booth, 34 La. Ann. 913, the plaintiffs sued a druggist for damages, alleging that he had negligently sold sulphate of zinc instead of Epsom salts to the plaintiffs’ married daughter, who was pregnant, causing the death and birth of the child and the death of the woman after long, suffering. The plaintiffs must have recognized the doctrine established by the foregoing decisions, for they did not claim any damages suffered directly by them by the *357 death of their daughter. They sued only for the damages which their daughter might have recovered if she had survived her injuries. The defendant filed an exception of no cause of action, contending that, if the deceased had a cause of action for damages, it survived in favor of her husband, and nothin favor of her parents. But Chief Justice Bermudez, as the organ of the'court, replied:
“The right of action which plaintiffs’ daughter would have been entitled to exercise, if she had not died, did not survive .in favor of her husband, but in favor of her father and mother. Such a right accrued only in favor of the minor issue, the widow, the father, and the mother, as regulated by the Code. Those not included are excluded.. Article 2315 of the Revised Civil ‘Code appears quite clear in this particular, and cannot be construed so as to confer the right upon persons not expressly mentioned in it. In the absence of the amendment made to the original article 2294 of the Code of 1825, no right of action would exist at all. It took special legislation to bestow it upon certain named beneficiaries, and that legislation cannot be liberally interpreted.”
By Act No. 71 of 1884, the Legislature amended article 2315 of the Revised Civil Code so as to give to the survivors therein mentioned a right of action for the damages sustained directly by them by the death of the person whose right of action they inherited by the amendment of 1855. The article was then amended so as to read as follows:
“Article 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children or widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be.” (The matter in italics is the amendment of 1884.)
The case of Van Amburg v. V., S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517, decided in 1885, was a suit by the surviving mother for damages for the killing of her son on the defendant’s railroad train. Observing, the amending statute of 18S4, she claimed the damages sustained by her on account of her loss of her son’s affection and support, and she also claimed (by virtue of the statute of 1855) the damages for which he would have had a right of action if he had survived. She was given damages for the suffering which her son had undergone and for which he would have had a right of action if he had survived his injuries. But, as to the damages suffered by her on account of her loss of her son’s affection, companionship, and support, it was said by Mr. Justice Manning, as the organ of .the court:
“The second item of damage cannot be considered. Legislation and jurisprudence have combined to perpetuate the extraordinary doctrine that the life of a free- man cannot be made the subject of valuation, and under the domination of that dogmatic utterance, made earlier than the Roman Digest, reproduced therein, and echoed by the courts of all countries from then till now, the singular spectacle has been witnessed of courts sanctioning damages for short-lived pains and refusing them for a long-life sorrow and the pecuniary losses consequent upon the death of one from whom was derived support, comfort, and even the necessary. stays of life. Legislation has at last come to the relief of future sufferers. The act of 1884 applies the remedy that the public conscience has long demanded, but it has missed application to this case only by a few days. That act was approved July 10th, and took effect in Bossier on the 30th. The accident and death occurred on the 25th of that month.”
Thus the writer of the foregoing opinion expressed bis disapproval of the universal doctrine, wbieb be acknowledged this court was bound to recognize and obey, that there is no right of action for damages resulting from the death of a human being except such as the Legislature has seen fit to confer upon the survivors specially mentioned.
In the case of Chivers v. Roger, 50 La. Ann. 57, 23 South. 100, dedided in 1898, the plaintiff sued for damages for the death of his son, who was killed while employed in the defendant’s factory. ' The plaintiff died after the case had been tried and submitted to the court, but before judgment was rendered; and the plaintiff’s heirs — not his minor children, nor his' widow, nor father, nor *359 mother — became parties plaintiff. It was held that the right of action of the father of the boy who was killed had abated at the father’s death, there being none of the survivors mentioned in Act 71 of 1884. In the course of the opinion, it was said:
“It is noticeable that the act of 1884 merely supplied a remedy which the court held, in I-Iubgli v. Railroad Company, did not exist under the Code, that is, to claim damages in case of the death of the injured party, by means of the accident, but the Legislature carefully confined the transmission of the right of action therefor to ‘the survivors above mentioned’; that is to say, those who are mentioned in the Code, R. C. C. 2315. The result of this investigation is that the right of action for damages for a personal injury, whether the injured person died from the effect thereof, or subsequently, from some other cause, is just the same, under the legislative amendment of 1884, as it existed under the Code previously.”
The right of action referred to in the last sentence quoted is only that which is transmitted to the survivors mentioned in the amending statute of 1855. What the court meant was that the statute of 1884 had not extended the surviving right of action to any other survivors than those mentioned in the act of 1S55, but had given to the survivors therein mentioned an additional right of action for the damages suffered by them in consequence of the other’s death. One member of the court dissented on the very serious ground that, under certain provisions of our Civil Code and Code of Practice, an action does not abate by the death of one of the parties to the suit after an answer has been filed.
Another example of the strictness with which the amending statutes of 1855 and 1884 have been construed by this court is the decision in Huberwald et al. v. Orleans R. R. Co., 50 La. Ann. 477, 23 South. 474, decided in 1898. The plaintiffs, being all of age, sued for damages on account of personal injuries inflicted upon their father by the defendant’s railroad, from which he died. They alleged that their mother died a month after the death of their father, ánd that the right of action which he had for the injuries suffered by him, and from which he died, survived in favor of his widow, and was transmitted at her death to the plaintiffs, her heirs. It was held that whatever right of action survived in favor of the widow (mother of the plaintiffs) abated at her death, and that:
“The major children of the deceased [not being named in the statute amending the law] are without right. This was in effect the interpretation of this court prior to the amendment, and it remained unchanged by the legislative action.”
It was held that the one of the plaintiffs who was a minor at the time of his father’s death had lost his right of action by coming to the age of majority before instituting the suit.
Delisle v. Bourriague, 105 La. 77, 29 South. 731, 54 L. R. A. 420, decided in 1901,’was a suit by the surviving husband for damages for the death of his wife, who was killed by the defendant’s dogs. The plaintiff demanded damages for the loss of her companionship and assistance and compensation for the time he had spent in attending to her injuries, and for medical and funeral expenses. He also claimed damages in behalf of their minor children, but omitted their names. The defendant filed an exception of no cause of action, and it was held that the surviving husband had no cause or right of action in his own behalf, but that he might amend his petition in behalf of the minor children, name them, and amplify the allegations asserting their cause of action. On the amended petition, the minor children obtained a judgment for damages in the sum of $2,000, which was affirmed by the Court of Appeal and by this court on review.
Hence it appears that it was decided by this court, prior to the amending statute of 1884, in Walton v. Booth, and again after the amendment, in Delisle v. Bourriague, that the surviving husband has no right or cause of action for damages for the death of his wife.
*361 Although the last sentence of Act No.' 71 of 1884 provides that “the survivors above mentioned may' also recover the damages sustained by them by the death of the parent or child, or husband or ^oife, as the case may be,” the husband is not one of the “survivors above mentioned,” in whose favor the right of action of the person injured shall survive in case of death. And, strange as it may seem, the same inconsistency appears in Act No. 120 of 1908, amending the article of the Civil Code to read as follows:
“Article 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or widow of the deceased or either of them, and in default of these in-favor of the surviving father or mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided, that should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there [is or are] no surviving widow or minor child or children.
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the [case] may be.”
The error made in the statute of 1884, and repeated in the act of 1908, was either in omitting unintentionally the husband, in naming the survivors who inherit the right of action, or in including inadvertently the icife, among those for whose death an action for damages arises. There is as good reason for believing that the mention of the wife in the last paragraph of the statute of 1908 was made inadvertently as there is for'assuming that the Legislature intended to include the husband among the survivors theretofore named as entitled to the right of action. In this respect, there is no difference" between the statute of 1908 and that of 1884, under which it was decided that the husband had no right of action for damages for the death of his wife.
The Legislature appears to have been very reluctant in extending to the survivors mentioned in the statute of 1908 the right to sue for damages for personal injuries resulting in death and the right to recover the damages suffered directly by the survivors. We have observed that, under the act of March 31, 1808, the right of action for damages abated at the death of the person injured. That statute was amended only three times in a hundred years. The first amendment, in 1855, only transmitted to the surviving minor children and widow, and, in default of these, to the surviving parents, in case of death of the injured person, the right of action which the deceased had had for the damages suffered by him. It did not confer a right of action for the suffering or loss sustained by the survivors. The next amendment, in 1884, did not extend the right of action to any other survivors than the minor children, widow, and parents, but merely gave them the additional right to recover damages for the loss and grief suffered by them. And the next and latest amendment, that of 1908, merely extended both rights of action to other survivors, the major sons and daughters, and the brothers and sisters, of the deceased, and stated the order in which the rights of action were given to them, respectively.
This court has never extended by implication the right of action conferred by statute upon the survivors named either for the damages sustained by the deceased person or for the grief or loss suffered by the survivors. For example, it has been held that the designation of the survivors as “minor children,” in Act 71 of 1884, must be construed strictly, and does not include grandchildren, notwithstanding, the last article of our Civil Code provides that the term “children,” wherever used therein, means grandchildren, great-grandchildren and all other /legitimate direct descendants. Walker v. V., S. & P. Ry. Co., 110 La. 718, 34 South. 749. In Payne v. Georgetown Lumber Co., 117 La. 983, 42 *363 South. 475, decided before the adoption of the act of 1908, it was held that the right of action for damages for personal injuries did not survive in favor of the brothers or sisters of the person injured, but survived in favor of'his mother, even though he died after-filing his suit and from some other cause than the injuries complained of. In Lynch v. Knoop, 118 La. 611, 43 South. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807, decided in 1907, it was held that the term “surviving mother,” in the statute of 1884, meant only the mother of a legitimate 'child and not the mother of-an illegitimate child. This doctrine was affirmed as to both of the surviving parents, in Landry and Wife v. American Creosote Works, 119 La. 231, 43 South. 1016, 11 L. R. A. (N. S.) 387. And, in Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 South. 926, it was held that the term “widow,” in Act 71 of 1884, meant the surviving lawful wife, and did not include the -putative wife, even though she had married in good-faith and in ignorance of the fact that the other party to the ceremony was already married to another woman.
In the case of Robertson v. Town of Jennings, 128 La. 795, 55 South. 375, decided in 1911, to which we are referred by the plaintiff’s counsel, there was no issue as to the right of a surviving husband; and we do not find any expression in the opinion inconsistent with this or the previous decisions of this court.
Our jurisprudence on this subject has been consistent. The l>aw was not affected by the statute of 1908, with regard to the husband and wife; and we see no reason for a departure from the well-settled doctrine that this right of action cannot be extended by implication to other survivors than those to whom it is expressly granted by statute. The defendant’s demurrer or exception of no cause or right of action should have been sustained and the plaintiff’s suit dismissed.
The judgment appealed from is annulled and reversed, and it is ordered that the plain tiff’s suit be dismissed at his cost.