On the Merits.
Statement of the Oase.
MONROE, C. J.
Plaintiff, authorized by her husband, brings this suit for damages, alleged to have been sustained by her by rea *319 son of defendant’s having had sexual intercourse with her daughter, a girl under the age of 16 years. It is alleged that the two acts complained of were committed, the one, at or near the “Country Club,” and the other, at or near, “Camp Stafford,” in the vicinity of Alexandria. The injury of which plaintiff complains is “the violation of the rights and sanctity of her home,” and “the great humiliation, shame, mental anguish, and degradation” that has been brought upon her; the allegation being that those consequences have been visited upon plaintiff whéther defendant used force or persuasion in his relations with her daughter.
The suit was dismissed upon an exception of no cause of action, and the appeal has been brought up by plaintiff.
Opinion.
[2] She has studiously refrained from alleging injury to herself by reason of loss of service from her daughter, upon which theory, alone, actions of this character are sustained at common law. Sutherland on Damages (3d Ed.) pp. 3753, 3757, 3758, 3761; 35 Cyc. p. 1310; Ann. Cas. 1912D, p. 299 (case of Tittlebaum v. Boehmcke, 81 N. J. Law, 697, SO Atl. 323, 35 L. R. A. [N. S.] 1062) and note.
In this state, the Civil Code declares (article 226) that:
“This usufruct” (the usufruct granted to fathers and mothers of the estates of their children, during their minority) “shall not extend to any estate which the children may acquire by their own labor and industry,” etc.
And in Bourg v. Brownell-Drews Lumber Co., 120 La. 1009, 45 South. 972, 124 Am. St. Rep. 448, this court declined to consider loss of wages that a minor was earning as an element of damage in a suit by a father for injury sustained by reason of the death of his- minor son through the alleged negligence of the minor’s employer. What view might be taken of a claim predicated upon loss of service from a minor remaining under the parental roof and earning no wages, we need not here inquire.
This suit, as brought, for humiliation, etc., inflicted upon one person, by reason of something that has been done to another, still living, has no foundation either at common law or under our system. Under our law, as it stood prior to certain amendments, the right of action which one possessed for the recovery of damages resulting from personal injury, inflicted through the fault of another, was personal, and perished with him. Hubgh v. N. O. & Carrollton R. Co., 6 La. Ann. 495; Black v. Carrollton R. Co., 10 La. Ann. 33, 63 Am. Dec. 586. By an amendment, it was declared that the right should survive in favor of certain designated persons. By another amendment, it was declared that the persons so designated should “also” have a right of action for the recovery of “the damages sustained by them,” in the event of the death of the person injured; and, by still another amendment and re-enactment, other persons were added to those previously designated. Act 120 of 1908. We have never had any law which authorized one person to recover damages for injuries to his feelings, as a consequence of injury sustained by another, still living, whether in his person, character, or feelings. It was so decided in Black v. N. O. & Carrollton R. Co., supra, and, in that respect, the law has not been changed. It was there held that, for an injury whereby his son was crippled for life, a father might recover for the expense to which he was subjected and the loss that he had sustained and was likely to sustain; but, referring to the claim of the plaintiff that he was entif'd to recover for the sorrow inflicted upon him by reason of the unfortunate condition to which his son had been reduced, it was said, in the main opinion;
“We carefully note the distinction between the immediate sufferer from a railroad accident, *321 and a relative of the sufferer, however near may he that relation. * * * Were such the law, the consequence of an offense to the offender would be greater or less, in proportion to the larger or smaller circle of friends of him who has been offended. This would be, obviously, to misplace the aim of public justice.”
The organ of the court, it may be remarked, dealt with the claim thus referred to as in the nature of a claim for punitory damages, though in the “form” of a claim for pecuniary compensation to the relative or friend affected; but it is now well established, if it was not so before, that an injury to the feelings, if it furnishes a cause of action, is the basis for the allowance of actual, compensatory damages. No case is to be found in our jurisprudence, however, nor elsewhere, so far as we are informed, in which it has been held that the mental suffering inflicted upon one person by an injury to the person, character, or feelings of another, still living, furnishes a cause of action to the person first mentioned; and it is well settled that the benefits of the special legislation to which we have referred, and which deals, exclusively, with actions predicated upon the death of the original sufferer, are to be strictly confined to the persons designated in the statutes. But one case similar to this has ever been brought before this court, and it was dismissed on the exception that we are now considering, but because of other matters than those here presented, and the opinion concludes with the statement:
“It is unnecessary to decide whether an action of this description could be maintained under any circumstances.” Wooten v. Geisser, 9 La. Ann. 523.
We are of opinion that no such action as this can be maintained. Hubgh v. N. O. & Carrollton R. Co., supra; Black v. Same, supra; Earhart v. Same, 17 La. Ann. 243; Huberwald v. Orleans R. Co., 50 La. Ann. 477, 23 South. 474; Walton v. Booth, 34 La. Ann. 913; Lynch v. Knoop, 118 La. 611, 43 South. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Vaughan v. Lumber Co., 119 La. 61, 43 South. 926; Flash v. La. Western R. Co., 137 La. 352, 68 South. 636, L. R. A. 1916E, 112.
The judgment appealed from is therefore affirmed.
SOMMERYILLE, J., takes no part.