### No. 9554.
### Orleans Appeal.

**MRS. BERTHA KERNER, ET AL., Appellant v. TRANS-MISSISSIPPI TERMINAL RAILROAD CO., ET AL., Appellee**

---

(November 3, 1924, Opinion and Decree.)
(December 1, 1924, Rehearing Refused.)
(January 2, 1925, Decree Supreme Court Writ of Certiorari and Review Granted.)
(Reported by Supreme Court in 158 La. 853, 104 South. 740.)

---

*(Syllabus by the Court.)*

1.  **Louisiana Digest, Action, Par. 80.**
The causes of action set forth in the two paragraphs of Article 2315 R. C. C., as amended, continually exist, as the case may be, during the respective periods

of prescription stipulated in Articles 2315 and 3536, regarding actions *ex delicto*. The right to assert these causes of action and which is transmitted to the several classified surviving beneficiaries named in Article 2315, does not abate upon the death of any one of these classes entitled to priority in the exercising of this right. But passes to the survivor or survivors next in rank, if asserted at any time within the space of one year from the death of the injured party.

Appeal from Twenty-eighth Judicial District Court for the Parish of Jefferson, Hon. Prentice E. Edrington, Judge.

This is an action *ex delicto* for accidental death. Judgment for defendant. Plaintiff appealed.

Judgment reversed and case remanded.

A. T. Higgins, attorney for plaintiff and appellant.

John E. Fleury, B. W. Kernan, Amicus Curiae, attorneys for defendant and appellee.

BELL, J. This is an action *ex delicto* wherein certain plaintiffs, as brothers and sisters of one Louis C. Kerner, sue defendants for damages claimed in the petition and arising out of an accident occurring on November 22, 1922, and which is alleged to have been caused by the negligent operation of a freigh train of the Trans-Mississippi Terminal Railroad Company, one of the defendants herein. The petition sets forth, among other facts, that Kerner and wife—the latter instantly and Kerner about eleven hours later—died of injuries sustained from the accident. The deceased were married but once and without issue. Kerner's father was not living at the time of the accident, but Kerner's mother, as his then sole survivor, vested with a right of action under the provisions of Article 2315 R. C. C., sued the defendant railroad company and others for damages resulting from the accident. During the pendency of the suit and before trial or judgment,

Kerner's mother died, on June 20, 1923, leaving the present plaintiffs, who, in consequence of her death, became, in her place and stead, the sole survivors of Kerner. These plaintiffs, as "brothers and sisters" in default of the "mother", instituted this present action on September 20, 1923. Items of damages totaling Twenty-five Thousand Dollars ($25,000.00) are claimed under both causes of action, as set out in the two paragraphs of Article 2315 R. C. C.

All defendants herein filed exceptions of no cause or right of action in plaintiffs to bring this suit. From a judgment maintaining the exceptions, plaintiffs have appealed devolutively.

Appellants concede that they derive no rights as heirs of their mother (the plaintiff in the first suit), but base their right of recovery under the causes of action sued upon as survivors of Kerner, they, as such, having been vested, by operation of law, with this right upon the death of their mother, who, until her death, was a survivor and beneficiary in a class holding a right of action immediately prior to theirs. In other words, the present suit, as we understand the contention or argument of counsel for plaintiffs, is predicated upon the theory of law that the causes of action sued upon were inchoate from the moment of the accident, became vitalized at the moment of Kerner's death in so far as his survivors within designated classes were concerned, and that the right of recovery under these causes of action passed, or were transmitted by operation of law, first, under the facts of this case, to Kerner's mother, and because of her death, to them.

Defendants, on the other hand, contend in their brief that:

"(1) The statute does not provide for or contemplate more than one survival of the action. The right of action survives but once. This survival occurs immediately upon the death of the injured party. The

state of facts existing at that time determines the person or persons in favor of whom the right of action survives. They, and they alone, have this right of action 'for the space of one year from death'. The beneficiaries of a remoter class are excluded for all time and regardless of whatever may occur thereafter. * * *

"(2)  The theory of the law is that, in the absence of a surviving spouse or children, the parents are regarded as the only persons who can be said, in legal contemplation, to have sustained damages on account of the death of the injured party, and that it is only 'in default of these' that the brothers and sisters have any claim."

Considering, therefore, the foregoing contentions of counsel, the only question squarely presented in this case, and which, as yet, seems never to have been determined by the Supreme Court of Louisiana, is as follows:

Does the right to the causes of action which may be pleaded under Article 2315 and which existed only because of the death of the injured party, abate upon the subsequent death of a particular beneficiary, who, at the moment of the injured party's death, was then vested with the exclusive right of recovery?

Under the facts as alleged in this case, there is no dispute that at the moment of Kerner's death, there was transmitted to his mother the exclusive right to a cause of action which Kerner possessed prior to his death and which arose from the injury sustained by him. It is also true that there was also a cause of action which, after Kerner's death, arose exclusively in his mother's favor for recovery of damages suffered by her because of the death of her child. While this latter cause of action was one arising in favor of the surviving mother upon the occasion of the son's death, it was never a right to any cause of action of which the son was possessed or which passed to the mother by inheritance, transmission or subrogation. It was hers because the lawmaker saw fit by the

amendment—Act 71 of 1884—to grant unto her as a certain designated beneficiary, a cause of action for recovery of damages sustained or suffered by her because of the death of her child.

It is apparent from the plain language of the entire Article 2315, that no cause or causes of action, nor rights to the enforcement thereof, are in anywise heritable, but exist while in derogation of common right, solely by virtue of legislative enactment. It is proper, therefore, that strict construction should be given to the amendatory statute, but none which would on the one hand destroy the inescapable liability intended to be imposed upon the *tort feasors* within the prescriptive period of Article 2315 (also Article 3536), nor, on the other hand, to create and confer any benefit not expressly granted to those named in the statutes amendatory of Article 2315.

The learned judge of the district court has stated in written reasons for judgment maintaining the exceptions herein filed, that his conclusions are based upon the rulings made in Chivers vs. Roger, 50 La Ann. 57, 23 South. 100; Huberwald vs. Orleans Ry. Co., 50 La. Ann. 477, 23 South. 474, and Thompson vs. N. O. Rys. & L. Co., 145 La. 805, 83 South. 19. Our careful examination of these cases does not furnish us with any satisfactory conviction that the point at issue has been determined in these authorities. Nor do the facts in these cases seem to square with the facts now under consideration. Indeed, we rather agree as to these citations with the comment made about them in brief of *Amicus Curiae* that "in each of these cases there are features which distinguish it from the case here."

In Chivers vs. Roger, the father, suing for damages for the death of his son, died before the case was decided, and his children of age substituted themselves as plaintiffs and claimed right of recovery on the theory that as legal heirs of the father

they had inherited the right of action already asserted by him, and, therefore, were entitled to prosecute the suit to final judgment. The court rightly adhered to a strict construction of the statute and refused, by judicial interpretation, to enlarge the provisions of Article 2315 as amended by the Statute of 1884, by conferring upon the substituted plaintiffs, claiming only as heirs, a right of action in favor of the class of persons not included in either the article or its amendment.

In Huberwald vs. Orleans Ry. Co., the court dismissed a suit brought by children, then majors, for the death of their father, and who based their action upon the theory that they were heirs of their mother, who had survived the father by a few months. Here again the court, following its previous decision in Chivers vs. Roger (rendered in the same year) refused to apply the law of inheritance in favor of "major children", who, as such, were not then (nor until the amendment, Act 120 of 1908) included as survivors having a right of action in default of the class then designated as "minor children and widow of the deceased". In this case one of the major children had been a minor for a short time after her mother's death, but became of age before joining the other major children in the suit. The court, for this particular reason and for the additional reason that she, like the other major children, could not· assert her right to the action on the theory that it was in the nature of a property right and; therefore, inheritable, said:

"The minor, after majority, is no longer possessed of the quality required by the statute. Moreover, the right would assume the nature of a property right and not one attached to the person, if it remained after the change of status from her minority to her majority. It would become transmissible, or one which creditors might exercise in *nomine debitori*. From any point of view, in our judgment, the right, to be of any avail, must, at least, have been claimed

judicially at the time of the change of status in order that the intended beneficiary may recover for the injury."

From the foregoing quotation, it is reasonable to assume that had the minor child, when such, asserted the action, it would have been recognized and upheld as being transmitted to her from the mother, not because of the minor child's right of inheritance, but because of the plain language of Article 2315, as amended by Act 223 of 1855 and Act 71 of 1884.

In Thompson vs. New Orleans Ry. & L. Co., the plaintiff was injured on April 12, 1915, and he filed suit on April 7, 1916, within one year after his injuries. After answer filed and before judgment could be obtained, he died, on December 4, 1916. The mother was then substituted as party plaintiff, not claiming the right of action by inheritance but by transmission under Art. 2315 and its amendments. The defenses urged in this cited case were, first, that the action had abated upon the death of the son, just as it is now claimed in the instant case that this suit brought by the brothers and sisters of Kerner had abated by the death of Kerner's mother. The Supreme Court, considering this point, definitely held that the exception and plea in abatement was properly overruled. The second defense in this case was that the right to claim damages was personal to the original plaintiff, and was only reserved to those of his kin named for the space of one year should he die before exercising his right of action. The court held on this point quite to the contrary, and found that the statute provided that the right of action should survive in cases of death of the injured party in favor of the beneficiaries named in the statute, regardless of whether the injured party had exercised his right of action for damages *ex delicto* or not and had died before judgment was rendered.

The ruling of the court in this Thompson case was in conformity with a previous ruling by the Supreme Court in the case of Payne vs. Georgetown Lumber Co., Ltd., 117 La. 983, 42 South. 475, where similar facts to those in the Thompson case had arisen. In the Payne case the injured party filed suit on September 24, 1904, and on August 21, 1905, he died before trial of the suit from some other cause than the injury sustained. After his death, his mother and brothers and sisters were made parties plaintiff on their own petition. All of these substituted parties claimed a right of action based upon an inherited right, the mother claiming that she had inherited the whole right of action under Art. 2315 of the Code, and, in the alternative, she claimed that she inherited one-fourth if the brothers and sisters were held to have inherited three-fourths. The brothers and sisters averred that they were entitled to three-fourths of whatever damages might be recovered. Pleas of abatement of the action were urged in this case as in the Thompson case, and the court, affirming the ruling of the trial court, to the effect that the exception or plea of abatement was not well founded, held that the mother, to the exclusion of the brothers and sisters, was entitled to bring the action, holding, among other points of decision, the following:

"The argument that the right of action abated because decedent brought suit to enforce it within his lifetime, is without merit. An action cannot expire or abate when the law declares that it shall survive in favor of certain persons. The amendment of 1855 was supplemented in 1884 by another amendment, giving the same relations of the deceased an independent right of action to recover the damages sustained by his death." (Payne vs. Georgetown Lumber Co., Ltd., 117 La. 983; 42 South. 475.)

In all of these cases hereinabove discussed, the jurisprudence points clearly to the consistent ruling that judicial interpretation would not justify the granting by implication, of a right of action to a party or parties not named or classified in the statute, and to the additional ruling that the death of the party or parties possessed of a right of action does not abate the right of action if there is one or more beneficiaries living at the time of the death of the injured party. In the present case, however, the question for determination is whether Article 2315, as amended, extends or grants the right of action by way of transmission from one classified beneficiary to another beneficiary subsequently classified. This question, as heretofore noted, has not been squarely determined in Louisiana.

We are referred to several common law authorities cited in brief of counsel for defendants, some of which appear to support defendants' contentions, but in the absence of specific and applicable jurisprudence of our own Supreme Court concerning Article 2315 and its amendatory developments, we do not consider this court bound by the common law rulings, especially as the history (See Underwood vs. Gulf Refining Co., 128 La. 990, 55 South. 641, and Flash vs. La. West. Ry. Co., 137 La. 352, 68 South. 636) regarding the development of Article 2315 (formerly Article 2295 of the Code of 1825) manifests, in our opinion, the plain intention of the Legislature to extend and confer this right of recovery upon the close relatives of the injured party, in their respective rights of succession, as stipulated in the article.

Immediately after the ruling in Hubgh vs. N. O. & C. R. R. Co., 6 La. Ann. 498, rendered in 1851, the Legislature of this State and the courts began to frown upon the old doctrine that a right of action could not survive in favor of a relative of the deceased injured party. And, indeed, the approval of this new and just viewpoint is forcibly expressed by Justice Manning in Van Amburg vs. V. S. & P. Ry. Co., 37 La.

Ann. 650, decided in 1885, where the right of action in favor of the mother of a deceased injured son was denied solely because of the fact that the action had been brought only a few days too late to have this right, secured by amendment of Act 71 of 1884, recognized. There Justice Manning said:

"The second item of damage cannot be considered. Legislation and jurisprudence have combined to perpetuate the extraordinary doctrine that the life of a free man cannot be made the subject of valuation, and under the domination of that dogmatic utterance, made earlier, that the Roman Digest, reproduced therein and echoed by the courts of all countries, from then till now, the singular spectacle has been witnessed of courts sanctioning damages for short-lived pains and refusing them for a long-life sorrow and the pecuniary losses consequent upon the death of one from whom was derived support, comfort and even the necessary stays of life. Legislation has at least come to the relief of future sufferers. The Act of 1884 applies the remedy that the public conscience has long demanded, but it missed application to this case only by a few days. That Act was approved July 10th and took effect in Bossier on the 30th. The accident and death occurred on the 25th of that month."

The entire Article 2315 as it now reads and which has been the law of this State regarding damages recoverable by the injured party or certain relatives, contains throughout the two paragraphs constituting this Article, the repeated and reiterated words "survive", "survivors", "surviving spouse, etc.", as well as the clause frequently used, to-wit: "In default of". These words, accepted in their most common sense interpretation, can mean nothing else but that, in the event of the death of the injured party or the death of any one of the beneficiaries now given the right of asserting the causes of action growing out of the death of the injured party, shall not abate but shall survive and exist

throughout the prescriptive period of one year from the death of said injured party.

Again considering the ruling in Thompson vs. N. O. Ry. & L. Co., 145 La. 808, 83 South. 19, we find the court giving the common-sense application to the word "survive" and the definition thereof, as set out in Webster's Dictionary, as follows:

"The right of this action (says the court) shall survive, that is, it shall 'live'. To survive is:

"'To continue to live or exist beyond the life or existence of; to continue to live or exist beyond a specific period or event; to live through in spite of; live on after passing through; to remain alive; exist in force or operation beyond any period specified'. Webster."

We find in Standard Dictionary the phrase "in default of" to be defined as "owing to lack or failure of".

The Oxford Dictionary gives this same phrase the following interpretation:

"In default of, if, or since such a thing is wanting."

These, among other definitions of such phrases or words, are but common-sense interpretations of the thought intended to be conveyed. Applying them to the words and phrases used in the Article 2315, it follows that if at the time of the death of the injured party his first-named survivor does not exist, because the accident of death has likewise removed this survivor, then the succeeding beneficiaries in the order named shall, in default of the first survivor, enjoy all of the benefits to the right of action with which the first survivor was originally vested.

In the instant case, if the theory of the law contended for by exceptors be maintained, might it not be said that if the mother, who, in fact, first asserted this right of action, had been—under circumstances most fortunate to the *tort feasors*—

a passenger in the wagon with Kerner and his wife, and if the mother, being injured, likewise had died within a few hours after having survived the husband, then no right to the cause of action falling first to the husband on his own behalf and as a "spouse", and then to the mother, but asserted by neither of them, could have passed to even Kerner's brothers and sisters or either of them? Thus would the *tort feasors* be wholly relieved of any liability which could have been justly imposed upon them for the negligent act which caused the deaths in question.

If this be the law, then follows the effect of such law, that all of the amendments to Article 2315 would be repealed by judicial interpretation rather than legislative mandate, with the result that the Article in question would be restored to the narrow limitations of liability established in Hubgh vs. N. O. & C. R. R. Co., 6 La. Ann. 498.

We are of the opinion that the exceptions of no right or cause of action in the present plaintiffs to bring this suit are not well founded.

It is, therefore, ordered that the judgment appealed from be and the same is hereby reversed and set aside, and it is now ordered that this case be remanded to the district court for further proceedings, in accordance with this ruling. Costs, under this ruling, to await final judgment.