## No. 4119.

### First Circuit

---

## MRS. MATTIE HALE BROCK v. JOHN H. FRIEND

---

(June 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Death by Wrongful Act—Par. 6. Laws—Par. 72.**

Under Article 2315 of the Civil Code the widow has the right of action for the death of her husband. Therefore, the widow's right of action is not lost if she remarries.

Appeal from the Twenty-Second Judicial District, Parish of Washington, Hon. Magee W. Ott, Judge.

This is a suit to recover damages for the death of husband and father. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. Vol Brock and O. H. Carter, of Franklinton, attorneys for plaintiff, appellee.

Miller & Miller and Miller & Richardson, of Bogalusa, attorneys for defendant, appellant.

ELLIOTT, J. Mrs. Mattie Hale Brock as widow of Dr. Fleet W. Brock brought suit against John H. Friend, defendant, for $10,000.00 damages, on account of the death of Dr. Fleet W. Brock, as stated in case No. 4157 just decided.

Her petition contains the same allegations as to recklessness, fault, negligence and fast driving on the part of defendant Friend, as is set forth in the petition in suit No. 4157 against the same defendant.

Dr. Brock was killed August 21, 1923, and on December 25, 1923, plaintiff was married to Hunter Magee. Her suit was not filed until May 20, 1924.

Defendant excepted to her right of action on the ground that she was not the widow of Dr. Brock at the time she instituted suit; therefore she had no right of action. The district judge overruled the exception. The defendant then answered, urging the same defense that he urged in suit No. 4157.

The district judge rendered one judgment in both suits against Mr. Friend for $5,000.00 which he apportioned between the widow and the minor children, awarding $4,250.00 to the minors and $750.00 to the plaintiff. Defendant appealed.

The defendant contends that by plaintiff's of action as widow of Dr. Brock, before marriage she forfeited and lost her right she instituted suit as his widow on account of his death, and that she had no right of action at the time she filed suit.

We are not as well satisfied about her right of action, at the present time, as we would like to be: Hubgh vs. Railroad 6 La. Ann. 495, 496; Succession of Robertson 28 La. Ann. 832, and others of like merit; Chivers vs. Roger 50 La. Ann. 57, 23 South. 100; Huberwald vs. Railroad 50 La. Ann. 477. 23 South. 474; Blackstone Vol. 4 Chap. 23 pp. 247, 248, Secs. 314, 315; but the matter depends on our Civil Code Art. 2315 (Amd. 159 of 1918).

The law provides that the widow shall have the right of action. The plaintiff is exercising the right of action created by the law in her favor, as the widow of Dr. Brock at the time of his death.

Her action was not forfeited because of her marriage to Hunter Magee.

The statute does not provide for a forfeiture of the action on account of a subsequent marriage. We therefore conclude that the district judge properly sustained her right of action.

As concerns the fault, imprudence and reckless driving of the defendant Friend, this case is based on the same facts existing in the suit No. 4157 and must be decided in the same way.

Mrs. Brock answered the appeal praying that the amount apportioned to her by the district judge be increased to the amount claimed in her petition. We have considered her demand in this respect, and have decided not to increase the amount.

Judgment affirmed.