This is a suit in which plaintiff, as curatrix of one Emma Crawford, an interdict above the age of majority, seeks to recover damages in tort for the accidental killing by a truck belonging to the defendant, El Dorado. Baking Company, insured by the defendant, Royal Indemnity Company, of Holland Crawford, mother of the interdict.
Exceptions of no cause of action, no right of action, and want of interest on the part of both the plaintiff and the interdict were filed on behalf of both defendants, and there was judgment sustaining the exceptions of no right of action and rejecting plaintiff's demands at her costs, from which judgment plaintiff appeals.
By a stipulation of facts it is shown that the interdict, Emma Crawford, was born July 12, 1920, of the marriage between Holland Crawford and B.T. Crawford, which occurred more than one year prior to said date; that Holland Crawford was survived at the time of her death by her husband, B.T. Crawford, and by several other children, all of whom were more than 21 years of age at the time of the death of their mother.
The accident which caused the death of Holland Crawford is alleged to have occurred on the 26th day of October, 1945.
Two supplemental petitions were filed by plaintiff, the first reducing the amount claimed in the nature of damages, and the second alleging the notorious insanity from birth of the interdict.
In a most excellently prepared and well reasoned brief, which carefully traces the history of the development of Article 2315 of our Civil Code, counsel for defendants have predicated their arguments in support of the judgment sustaining the exceptions of no right of action on the following propositions:
(1). That no right of action, except such as is conferred by statute, exists in Louisiana for the recovery of damages for the death of a human being.
(2). That Article 2315 of the Revised Civil Code is the only statute on this subject.
(3). That Article 2315 is sui generis and must be strictly construed.
(4). That persons not included as heirs or survivors under the provisions of such article are excluded; and
(5). That courts are powerless to interfere with the order of succession as established by legislative enactment.
As opposed to these contentions learned counsel for plaintiff zealously argues:
(1). That the rights of insane persons are specifically protected by the provisions *Page 232 
of Articles 31-34, inclusive, of the Civil Code.
(2). That insane persons cannot be deprived of their legal rights.
(3). That the rights of minors and incompetents are protected by our laws; and, by way of conclusion,
(4). That the legislative intent of Article 2315, as expressed by successive amendments thereof, has clearly been to increase the protection accorded to all classes of dependents.
We concede that the question posed by the issue before us is of surpassing interest not only because of its importance as affecting the rights of the parties hereto, but further by reason of the opportunity for academic research. We would have thought that every eventuality had been considered and every reasonable probability of circumstance provided for under the form and text of Article 2315 of the Civil Code. Yet, in this case we are confronted with what appears to be an entirely new circumstance.
There is a very real temptation to yield to an elaborate discussion of the issue involved, from which temptation, however, we retreat even at the sacrifice of what would be a pleasant, though mayhap arduous, task.
The contentions asserted by distinguished counsel for defendant, as enumerated above, are amply sustained by our jurisprudence. Similarly, we can find no fault with the principles asserted by learned counsel for plaintiff asgeneral propositions. But here we are brought face to face with the conflict between general principles of law and a specific provision and its definite application.
The facts in this case, as reflected by the allegations of the petition and the amplifications thereof contained in the stipulation, are plain to the effect that there is a surviving spouse of decedent and that the child in whose behalf plaintiff seeks recovery is well above the age of majority and was so at the time of the death of her mother.
There is no relationship between insanity and age. An insane person may be either a minor or a major, according to whether he is below or above the period marking the change of status in the eyes of the law.
As contended by counsel for plaintiff, the rights of insane persons quite properly are jealously guarded and protected by our laws and jurisprudence. But in the instant case we are confronted by a situation which does not concern the protection of a right but rather involves the total non-existence of a right.
[1] Article 2315, which is indisputably the basis upon which actions for the recovery of damages arising from the death of a human being must be predicated, contains the following very definite, specific and unambiguous provision: "* * * the rightof action shall accrue to the major children only in thosecases where there is no surviving spouse or minor child orchildren." (Emphasis by the court.)
[2, 3] It is to be observed that the right of action and the order of succession fixed in Article 2315 are based primarily upon relationship without consideration of the degree of dependency. Under the plain terms of the article the right of the surviving spouse precludes the assertion of the right by relations of any other degree save minor children whose rights are co-existent with that of the surviving spouse.
[4] In default of some special provision of law a Court is without authority to extend by implication the rights granted by a statute, notwithstanding the fact that general propositions of right and equity might indicate in the highest degree the desirability for such extension.
We find it unnecessary to cite the great number of cases in our jurisprudence bearing upon the development and interpretation of C.C. Art. 2315 in the several phases of its historical evolution.
[5] To our minds, briefly stated, the intent and purpose of the legislature, as reflected in several amendments to this Article, has been designed to protect the rights of survivors under all expectable contingencies. But time and time again our courts have reiterated the definite principle that the right of action for damages for the death of a human being is in derogation of a common right and cannot be extended by implication to other surviving relations *Page 233 
than those to whom it is expressly granted by statute.
The above holding is implicit in the very elaborate and enlightening opinion of Chief Justice O'Niell in Flash v. Louisiana Western R. Co., 137 La. 352, 68 So. 636, L.R.A. 1916E, 112.
Counsel for plaintiff in his brief quotes from 14 T.L.R. 612, as follows: "Throughout its history, the courts of the state have very narrowly construed the provisions of the Article (2315), as a result of which the legislature has amended the statute many times. Today by the word of the Article almostevery eventuality is provided for." (Emphasis by the Court.)
The cause before us plainly comprehends an eventuality which is not provided for by the statute.
We willingly concede that the equities in this case are strong in favor of plaintiff's right, but, reluctantly, we admit that it is not within our power to yield to the exigency of the particular facts reflected herein. There is no alternative before us. As has been said long since, " 'Jus discere et non jus dare' is the part of the court". Huberwald et al. v. Orleans R. Co., 50 La. Ann. 477, 23 So. 474, 476.
The same frustrated cry is echoed in Walker v. Vicksburg S. P. R. Co., 110 La. 718, 34 So. 749, 750:
"The scope of judicial interpretation does not admit the right of reading other words into the law. It would be objectionable, and a species of legislative judicial action always to be avoided.
"Legislation alone is adequate to the task of including one or more groups as having the right to sue, not previously included within the terms of the law.
"The value of laws consists in generally receiving andinterpreting them as written.
"Accepting the statement of the brief, hard as the case may be, we must administer the laws as we find them in the books. * * *
"Our adherence to law and authority compels us to affirm the decree." (Emphasis ours.)
Though we acknowledge and decry the present tendency of some Courts, particularly and specifically the Supreme Court of the United States, to legislate under the guise of interpreting, we cannot so conceive our own duties.
The remedy for any injustice resulting from the determination of this cause, if such there be, must be supplied by the legislature through a further amendment to C.C. art. 2315.
For the reasons assigned, the judgment appealed from is affirmed.