(104 So. 740)

(No. 27008.)

**KERNER et al. v. TRANS–MISSISSIPPI TERMINAL R. CO. et al.**

(May 25, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Death ⬅⟶11—Right of action statutory.**

Right of action for damages for personal injuries is not inheritable, either under common law, or under civil law, and, unless statute declares it shall survive, it is abated by death of person injured, whether he dies from injuries or from some other cause, and regardless of whether he has or has not instituted suit to recover damages.

**2. Death ⬅⟶11—No right of action at common law, nor under Roman or Spanish law.**

There is no right of action at common law, and was none under the Roman or the Spanish law, for damages from wrongful or negligent killing of human being, for loss of his support, or mental suffering inflicted on any one surviving him, by his death.

**3. Death ⬅⟶9—Statute giving right of action construed strictly.**

Under Civ. Code, art. 2315, as amended by Act No. 159 of 1918, relating to survival of actions for wrongful injury, cause of action therefor is not inheritable, but survives only by virtue of statute in derogation of common law and civil law, and such statute should be strictly construed, and this rule applies both to right of action which deceased person had for injuries suffered by him, and to right of action for damages suffered by survivors mentioned in statute.

**4. Death ⬅⟶29—Mother's right of action for death of son held to abate on her death.**

Under Civ. Code, art. 2315, as amended by Act No. 159 of 1918, mother's right of action for injury to and death of son abated on death of mother, although brothers and sisters of deceased son survived her.

**5. Death ⬅⟶29—Death of one survivor, having right of action does not affect right of other survivor, or transmit right of action to another.**

Under Civ. Code, art. 2315, as amended by Act No. 159 of 1918, where person having right of action for damages for personal injuries dies before judgment, leaving widow or widower and minor child or children, right of action belongs to such survivor only, or to survivors jointly and concurrently, and subsequent death of one of such survivors does not affect right of action of any other survivor, or confer right of action on any other survivor; such right of action not being transmissible from one survivor to another, either by general law of inheritance or under statute.

**6. Death ⬅⟶29—Surviving relatives held not to transmit right of action from one to another of them by death.**

Major child or children of deceased person, in default of surviving widow or widower or minor child, or parent or parents, in default of a surviving widow or widower, or minor or major child, and surviving brothers and sisters in default of a surviving widow or widower or child or parent, who, under Civ. Code, art. 2315,

as amended by Act No. 159 of 1918, have right of action for injuries to deceased, do not transmit right of action from one to another of them at death, either by law of inheritance or by virtue of statute.

**7. Death ⬡═══29—Right of action by child for injury to deceased father not affected by death of widow of father.**

Under Civ. Code, art. 2315, as amended by Act No. 223 of 1855 and by Act No. 71 of 1884, providing that right of action shall survive death, in favor of minor children or widow of deceased, or either of them, minor child of deceased had right of action which was acquired jointly and concurrently with widow, and was not affected by death of her mother.

**8. Death ⬡═══29—Right of action of surviving brothers and sisters same under amendment of 1908 as under amendment of 1918.**

Right of action of surviving brothers and sisters of person injured was same under amendment of Act No. 120 of 1908 as it is under Act No. 159 of 1918, amending Civ. Code, § 2315, providing that. actions for damages shall survive death of person injured.

**9. Death ⬡═══29—Death of one of survivors does not affect authority of personal representative to sue.**

Where death statutes authorize personal representative of deceased person, who was injured, to sue for benefit of survivors who succeed to right of action, jointly or concurrently, death of one of survivors, having joint or concurrent right of action, after death of person injured, does not affect authority of personal representative to sue.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Mrs. Bertha Kerner and others against the Trans-Mississippi Terminal Railroad Company and others. On certiorari to review the judgment of the Court of Appeal of the parish of Orleans, reversing a judgment dismissing the action. Judgment of Court of Appeal annulled, and judgment of district court, rejecting plaintiffs' demand and dismissing suit, reinstated and affirmed.

John E. Fleury, of Gretna, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for applicants.

Benj. W. Kernan, of New Orleans, for amicus curiæ.

A. T. Higgins and Max M. Schaumburger, both of New Orleans, for respondents.

O'NIELL, C. J. This is a suit for damages for personal injuries to the plaintiffs' brother, resulting in his death. He and his wife were killed in a railroad accident. She was killed instantly, and he died a few hours afterwards. They had no children. His father was dead, but his mother and the plaintiffs in this suit, a brother and five sisters, survived him. His mother alone (according to article 2315, Civil Code, as amended by Act 159 of 1918) had a right of action for damages for his injury and death. She brought the suit, but died before it was tried and within seven months after the accident. Thereafter, and within a year after the accident, the brother and sisters of the deceased brought this suit, claiming damages for the pain which their deceased brother had suffered, as well as for their own mental suffering, and for the loss of his companionship, etc. The suit was dismissed on an exception of no cause or right of action. The Court of Appeal reversed the judgment, and we issued a writ of review.

The question is whether the right of action was abated by the death of the mother of the victim of the accident, or passed to his brother and sisters.

Article 2315, Civil Code, as amended by Act 159 of 1918, declares:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death: Provided that should the deceased leave' a surviving spouse, together with minor children, the right of action

shall· accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

[1] A right of action for damages for personal injuries is not inheritable under the common law, and was not under the civil law. Unless a statute declares that such right of action shall survive in case of the death of the person injured, it is abated by his death, whether he dies as a result of the injury or from some other cause, and whether he has or has not instituted a suit to recover the damages suffered. Hubgh v. N. O. & C. R. Co., 6 La. Ann. 498, 54 Am. Dec. 565; Walton v. Booth, 34 La. Ann. 913; Chivers v. Rogers, 50 La. Ann. 57, 23 So. 100; Huberwald v. Orleans R. Co., 50 La. Ann. 477, 23 So. 474.

[2, 3] There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted upon any one surviving him, by his death. Hermann v. N. O. & C. R. Co., 11 La. Ann. 5; Earhart v. N. O. & C. R. Co., 17 La. Ann. 243; McCubbin v. Hastings, 27 La. Ann. 713; Vredenburg v. Behan, 33 La. Ann. 627; Van Amburg v. V. S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517; Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420. Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute. Walker v. V., S. & P. Ry. Co., 110 La. 718, 34 So. 749; Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L. R. A. (N. S.) 387; Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926; Flash v. La. W. R. Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112; Gerling v. Baltimore & O. R. Co., 151 U. S. 673, 14 S. Ct. 503, 38 L. Ed. 311.

[4] The Court of Appeal, in this case, has construed article 2315, Civil Code, as amended by Act 159 of 1918, to mean that, if the survivor who acquires the right of action at the death of the person injured dies within the year after the death of the person injured, the right of action inures to the survivor or survivors next in rank, in the order in which they are named in the statute. That is not in accord with the language of the statute, or a necessary implication, and is contrary to the general rule that such a right of action is abated by the death of a person having the right.

The statute governing this case declares that, if the person injured dies leaving a widow or widower and a minor child or minor children, the right of action survives in favor of those survivors jointly or concurrently; but the statute declares, with regard to the survivors next in rank, namely, the major children of the person injured:

"That the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children."

Accordingly, we should say that the right of action shall accrue to the surviving parent or parents only in cases where there is no surviving spouse or minor or major child, and shall accrue to the surviving brothers and sisters only in cases where there is no

surviving spouse or child or parent of the person injured.

[5, 6] When a person having a right of action for damages for personal injuries dies before obtaining a judgment, leaving a widow or widower, as the case may be, and a minor child or children, or leaving only the widow or widower or a minor child, the right of action belongs to such survivor only, or survivors jointly and concurrently, to the exclusion of any and all other survivors; and, if one of the survivors who has thus acquired the right of action dies afterwards, his death does not affect the right of action of any other survivor, or confer a right of action upon any other survivor, for the right of action is not transmissible from one survivor to another survivor of the injured person, either by the general law of inheritance, or by virtue of the statute on the subject. The surviving relations of more remote degree, in whose favor the statute says the right of action shall survive in case of the death of the person injured, namely, the major child or children in default of a surviving widow or widower or minor child, the surviving parent or parents in default of a surviving widow or widower or minor or major child, and the surviving brothers and sisters in default of a surviving widow or widower or child or parent, do not transmit the right of action from one to another of them, by the death of one of them, by the law of inheritance, or by virtue of the statute.

This court has not heretofore decided the exact question that is presented here; but the rulings that were made in the cases which we have cited are contrary to the idea that, when a person having a right of action for personal injuries dies and the right survives in favor of the person then entitled to it under the statute and that person afterwards dies, the right of action will again survive or be transmitted to a more remote survivor, either by inheritance, or by virtue of the statute. For example, in Chivers v. Roger, 50 La. Ann. 61, 23 So. 103, it was said:

"Each of the persons acquires 'the right of this action' in the order named, and obviously the acquisition by one of them of that right of action would have the legal effect of excluding those who follow him."

Now, if the more remote survivors, following the one who acquires the right of action by the death of the person injured, are thereby excluded, they must remain excluded if the survivor first in rank afterwards dies, because the statute does not provide that the right of action shall be revived, or survive again, or be transmitted to the survivor next in rank, and, under the general law on the subject, such an action is abated by the death of the person having the right. Speaking of the right of action being transmitted by the death of the survivor first in rank to the one next in rank, we note that the Court of Appeal uses the word "transmission," viz.:

"In the present case, however, the question for determination is whether article 2315, as amended, extends or grants the right of action by way of transmission from one classified beneficiary to another beneficiary subsequently classified."

In Underwood v. Gulf Refining Co., 128 La. 968, 1002, 55 So. 641, 653, it was said:

"The law, in terms, declares that certain specified persons, the one in default of the other, may recover, from him by whose fault it happened, the damages which they may have sustained by reason of the death of a free human being. The fact that the beneficiaries specified are not given a concurrent right, but that major children can recover only in default of minors and widow, that parents can recover only in default of the two classes mentioned, that brothers and sisters can recover only in default of all the others, and that no one can recover to whom the statute has not given the right, limits the number of persons by whom such right may be exercised within reasonable bounds and makes it an easy matter to apportion the amounts to be awarded, if it can be said that there is an apportionment when each sufferer recovers upon the merits of his, or her, own claim."

The Court of Appeal says, and we concur in the statement, that it is plain from the language of article 2315, Civil Code, as amended, that the cause of action is not heritable, but survives only by virtue of the statute, in derogation of common right, and is therefore subject to strict construction. But we do not agree with the inference which the Court of Appeal drew from the opinion rendered in Huberwald v. Orleans Railroad Co., 50 La. Ann. 477, 23 So. 474, with regard to the right of action of the minor child of the deceased Huberwald. He was killed in a railroad accident, leaving a widow and several major children and a minor child. The widow died within a month, without having sued for damages, and the children brought suit within the year, but after the minor child had come of age. The court ruled that the major children had no right of action under the statute (article 2315 of the Code, as amended by Act 223 of 1855 and Act 71 of 1884) and did not inherit a right of action from their mother. As to the child who was a minor when the father died, the court ruled that her right of action was abated by her coming to the age of majority before the action was brought. The Court of Appeal quoted the appropriate language of Chief Justice Breaux (50 La. Ann. 480, 23 So. 476), viz.:

"The minor, after majority, is no longer possessed of the quality required by the statute. Moreover, the right would assume the nature of a property right, and not one attached to the person, if it remained after the change of status from her minority to her majority. It would become transmissible, or one over which creditors might exercise a right in nomine debitori.

"From any point of view, in our judgment, the right to be of any avail must at least have been claimed judicially at the time of the change of status in order that the intended beneficiary may recover for the injury."

The Court of Appeal inferred that, if the right of action of the minor child had been asserted before she came of age, "it would have been recognized and upheld *as being transmitted to her from the mother*," etc. We have underscored the part of the court's inference which we do not approve. It is expressed in the opinion of the Court of Appeal thus:

"From the foregoing quotation, it is reasonable to assume that, had the minor child, when such, asserted the action, it would have been recognized and upheld as being transmitted to her from the mother, not because of the minor child's right of inheritance, but because of the plain language of article 2315, as amended by Act 223 of 1855 and Act 71 of 1884."

[7] The right of action which the minor child had was not transmitted to her from the mother. It was acquired jointly and concurrently with the mother, according to the amendment of 1855 and 1884, and was not affected by the death of the mother. The provision which was added to the original article of the Code by the amendment of 1855 declared:

"The right of this action shall survive in cases of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother, or either of them, for the space of one year from the death."

And the provision which was added by the amendment of 1884 declares:

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be."

Therefore the right of action of the minor child was not given "in default of" the widow, or on the condition that there would be no surviving wife of the deceased father. The ruling that the right of action of the minor child was abated by her coming of age without having asserted her right is not important to this discussion; but the ruling that the minor child had a right of action notwithstanding the wife of the injured man survived him, and the ruling that the minor child's right of action was not af-

fected by the subsequent death of the widow, were in accord with the language of the statute.

The words "or husband" in the expression "or husband or wife," in the last line of the amending statute of 1884, were inserted by error, under the supposition that the husband was named as one of "the survivors above mentioned" in the statute. See Walton v. Booth, 34 La. Ann. 913, decided before the amendment of 1884; Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420, decided after the amendment; and Flash v. Louisiana Western Railroad Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112, decided after a similar amendment and the same error was made by Act 120 of 1908. All of which decisions show how rigidly the statutes amending the article of the Code have been construed with regard to the survival of the right of action. It was perhaps because of the ruling in Flash v. Louisiana Western Railroad Co. that the article was again amended in 1918.

The Court of Appeal cites, as authority for the court's ruling in this case, Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475, and Thompson v. N. O. Ry. & Light Co., 145 La. 805, 63 So. 19. In those cases, the ruling was that the right of action was not abated by the death of the party injured, which was merely a restatement of the statute. In the Payne Case, which was governed by the statute of 1884, it was held that, at the death of the person injured, the right of action survived in favor of his mother, and not in favor of his brothers and sisters, and that the right of action survived, notwithstanding the injured man had instituted a suit for the damages, and notwithstanding his death was not caused by the injuries he had suffered. In Thompson v. N. O. Ry. & Light Co., which was governed by the amending statute of 1908, and where the injured man had brought his suit within the year after the accident, and had thereby saved the right of action from prescription, and afterwards died, it was held that the right of action survived in favor of his mother for the period of a year after his death, even though he did not die within the year after the accident. The ruling was according to the very language of the statute.

Referring to the Thompson Case, the Court of Appeal, in its written opinion, says:

"The defenses urged in this cited case were, first, that the action had abated upon the death of the son, just as it is now claimed in the instant case that this suit brought by the brother and sisters of Kerner was abated by the death of Kerner's mother."

[8] The defense that was made in the Thompson Case was not the same that is urged in this case. It would have been the same as in this case if Thompson's mother had died after his death, and if his brothers and sisters had then claimed that the right of action had survived her; for the right of action of the surviving brothers and sisters of the person injured was the same under the amendment of 1908 as it is under the amendment of 1918.

[9] Other states have statutes giving a right of action to certain specified surviving relations of a person who dies having a right of action for damages for personal injuries. Some statutes authorize the personal representative; that is, the executor or administrator of the succession, of the deceased person who was injured, to prosecute the suit for the benefit of the survivors who succeed to the right of action jointly or concurrently. Under those statutes, of course, if one of the survivors having the joint or concurrent right of action dies after the death of the person who was injured, it does not affect the authority of the executor or administrator of the succession of the person who was injured to prosecute the suit for the other survivor or survivors who had the right of action jointly or concurrently.

In other states, the statutes on the subject, like article 2315 of the Louisiana Code, as amended, declare that the right of action shall survive in favor of certain survivors specified, and, in default or in the absence of them, in favor of other survivors specified, etc. In those states, the courts have held that the right of action is not transmissible from one to another survivor of the person injured, either by inheritance, or by a necessary implication from the statute on the subject, by the death of a survivor of the person injured. Woodward v. Chicago & N. W. R. Co., 23 Wis. 400; L. & N. Railroad Co. v. Bean, 94 Tenn. 388, 29 S. W. 370; Hammond v. Lewiston, A. & W. St. Ry., 106 Me. 209, 76 A. 672, 30 L. R. A. (N. S.) 78; Diller v. Cleveland, C. C. & St. L. Ry. Co., 34 Ind. App. 52, 72 N. E. 271; Doyle v. B. & O. Railroad Co., 81 Ohio St. 184, 90 N. E. 165, 135 Am. St. Rep. 775. The reasoning and the logic of those decisions is the same that has controlled and directed this court in its decisions on the subject, because, as we have said, the rule at common law is the same in that respect as it is and always has been in Louisiana.

The surviving mother of the injured man, in this case, alone acquired a right of action for damages as the result of his death. She had the absolute right to settle or compromise the claim without consulting the surviving brother or sisters of her deceased son. If she had announced that she abandoned the right of action, or that she would allow it to prescribe, it would not have given a right of action to the surviving brother and sisters of the deceased.

Our conclusion is that the plaintiffs in this case have no right of action.

The judgment of the Court of Appeal is annulled, and the judgment of the district court, rejecting the demand of the plaintiffs and dismissing their suit, is reinstated and affirmed at their cost.