## REED v. WARREN

(January 19, 1931. Opinion and Decree.)
(February 16, 1931. Rehearing Refused.)
(March 30, 1931. Writ of Certiorari and Review Granted by Supreme Court.)
(July 8, 1931. Opinion and Decree by Supreme Court.)

Edward Rightor and Wm. H. Sellers, of New Orleans, attorneys for plaintiff, appellant.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. The plaintiff brings this suit for damages resulting from the death of his sister and mother, who died of injuries sustained by them when the defendant's automobile ran over them on Prytania street in this city on December 24, 1928. It appears that the sister died shortly after the accident, and that the mother succumbed several hours later. There are five surviving major children of the mother, and each has filed a separate suit for damages for the loss of companionship and affection of his sister and his mother, and also for pain and suffering of the mother, as well as necessary expenses incurred.

The defendant filed an exception of no cause of action as to the claim for damages for the death of the sister and an exception of want of proper parties as to the claim for damages for the death of the mother.

The judge of the trial court sustained the exception of no cause of action, and dismissed the plaintiff's suit as to the claim for damages for the death of the sister. He also sustained the exception of want of proper parties as to the claim for damages for the death of the mother, allowing the plaintiff twenty days in which to amend and to make the proper parties, otherwise the suit to be dismissed. Plaintiff has appealed.

Since the sister died before the mother, it is conceded by the plaintiff that the right of action for the death of the sister, under article 2315 of the Revised Civil Code, as amended by Act No. 159 of 1918, expired upon the death of the mother, under the interpretation placed upon the

provisions of that law by the Supreme Court in the case of Kerner v. Trans-Mississippi Terminal Co., 158 La. 853, 104 So. 740.

As to the exception of want of proper parties, the plaintiff contends that the language of article 2315 of the Revised Civil Code, as amended, giving a right of action for death to the surviving major children, should be construed so as to give each of them a right of action which each might separately assert.

Defendant contends the right of action is a joint one, and that all of the surviving children must be made parties to the same suit.

Article 2315, Rev. Civ. Code, as amended by Act No. 159 of 1918, reads as follows:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

Paragraph 10 of the petition itemizes the damages for the death of the mother as follows:

"For the loss of companionship and deep affection, $5,000; for the pain and suffering of decedent, $5,000; for necessary expenses incurred, $100.45."

It appears that each of the other children, in filing their separate suits, made the same allegation in their respective petitions.

We shall treat the right of action to recover each of these items of damages in the above order.

It has been decided many times that a statute such as article 2315, Rev. Civ. Code, as amended, should be strictly construed. Kerner v. Trans-Mississippi Terminal Co., 158 La. 853, 104 So. 740; Chivers v. Roger, 50 La. Ann. 57, 23 So. 100; Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926; Hubgh v. N. O. & Carrollton R. R. Co., 6 La. Ann. 498, 54 Am. Dec. 565. It will be observed that the statute does not expressly provide how the rights of action shall be asserted by the survivors or beneficiaries; i. e., in one suit or in separate suits.

It is to be noted that, under the very last paragraph of the statute in question, the beneficiaries or survivors named "may also recover the damages sustained by them by the death of the parent." This language gives a right of action to the beneficiaries or survivors named in the statute to recover damages which they sustained, such as loss of companionship and affection on account of the death of their parent. It would also include a right of action for loss of support where the beneficiary happened to be dependent upon the deceased, and this is particularly true in the case of minor children, or parents dependent upon a major child who might happen to suffer death. This right of action for damages is separate and distinct from the right of action for damages which survives the deceased in favor of

the designated beneficiaries under the provisions of the first part of the statute.

It is easy to see that the claims for damages of the survivors or beneficiaries named in the statute would vary according to their dependency upon, and companionship and affection for, the deceased. For instance, let us assume, in the instant case, that the mother had two single daughters living with her, who were dependent upon her for support and who were her constant companions, and that one of her married sons lived in the neighborhood and regularly visited the mother and enjoyed her companionship and affection; that another married son lived in Texas and visited his mother only once a year and corresponded with her intermittently, and that another son was a bachelor, who had left his mother's home years ago, sojourning in Paris, and that he had never visited his mother and had seldom written to her. It is clear that these respective persons would have varying claims for damages for loss of support and affection and companionship of the mother. The court would not give a joint judgment in favor of all of the children and let them equally divide it, because this would be manifestly inequitable. It certainly was contemplated by the statute that each child was to be given a judgment for their respective losses. The very fact that separate judgments would have to be rendered in favor of each of the children, according to the different circumstances, shows that each has a separate right of action for the loss of support, companionship, and affection of his deceased parent, and that this right of action can be asserted in separate suits.

The question of whether the right of action, which survives in favor of the children for the pain and suffering of their deceased mother, under the language of the first part of the statute, can be asserted by these beneficiaries in separate suits to recover such damage, is not so easy of solution. At the outset, it must be noted that the pain and suffering of the deceased gives rise to a claim for damages which the deceased could have asserted had she lived, and which is only vested in the beneficiaries by virtue of the provisions of the statute. While it is true that it is a difficult matter to appraise in dollars and cents the pain and suffering of a person, and that the amounts awarded have not been entirely uniform, nevertheless such a claim is a definite one, in the sense that it is for a particular kind of loss. Furthermore, no matter what the relations of the children were to their deceased parent, so far as companionship, affection, dependency, etc., are concerned, the item of damage for pain and suffering of the deceased parent is uniform as far as all of them are concerned, one not being entitled, in this respect, to any more than the others.

If we were to adopt the contention of defendant that all of the children of the deceased had to join in the same suit to claim damages for this item of pain and suffering of the deceased, what would happen in the case where one or two children were absentees, or, if present, were unwilling to join the others in bringing the suit? In such a situation the other children would be practically deprived of their rights because of the absentees or the children who were unwilling to join them in bringing the suit. But counsel for the defendant says, and his argument was adopted by our learned brother, a quo, that the absentees and unwilling children should be made parties defendant and be called upon to either join the plaintiffs or abandon their rights. This procedure would appear to us to be impracticable because the rights and interests of the defendant and the absentees, or children who are unwilling to file suit, are conflicting. It

would be unusual to have coupled, as defendants in the case, parties who have the same rights as the plaintiffs. It would appear that it was not the intention of the Legislature that one of the beneficiaries could prevent the others from asserting their rights by refusing to join in the suit. It seems equally illogical and impracticable to join parties as defendants who should be parties plaintiff in the matter.

In the case of Eichorn v. N. O. & C. R. Light & Power Co., 112 La. 236, 36 So. 335, 340, 104 Am. St. Rep. 437, the widow brought two separate suits, one in her own behalf and one in behalf of her minor children. No exception of misjoinder of the parties was filed. The court, on rehearing, said:

"As to damages caused by death, the widow and the minors have separate causes of action, but have been permitted by our jurisprudence to cumulate their demands in the same suit, because their right to recover is dependent on the same state of facts, and they have a joint interest in the recovery of such damages as were recoverable prior to the act of 1884. Buswell on Personal Injuries says: 'And it is held, apparently with sound reason, that, when the death occurs, two causes of action may arise—one in favor of the decedent, under the statute providing for the survival of such actions; the other founded on his death, under the statute providing for such actions, and being for the benefit of the relations named in the statute.' The damages are given for different purposes. Id. (2d Ed.) p. 25, sec. 21.

"Hence the judgment rendered in this case will leave to the minors no cause of action, except to recover the pecuniary loss sustained by them by reason of the death of the father."

However, it must be noted that the right of action under the statute was in favor of "the minor children or widow" instead of the minor children and widow. In short, the statute was written in the disjunctive and not in the conjunctive, as is the situation in the instant case.

In the case of Underwood v. Gulf Refining Co., 128 La. 968, on page 986, 55 So. 641, the Supreme Court gave an exhaustive history of article 2315, Rev. Civ. Code, and held that, where the plaintiffs sued in damages for the death of their brother, there were two causes of action in their favor under the statute. First, a right of action which their brother had for the injuries, pain, and suffering which he had sustained at the moment of his death, which survived in favor of his brothers and sisters; and, second, the right of action on their own account to recover damages for the injury, moral or mental, as well as material, sustained by them by reason of such death. The court said (page 999 of 128 La., 55 So. 641, 652):

"* * * We find that, in July of the same year, the Governor approved the Act No. 120 of 1908, which places brothers and sisters in the category of those in whose favor the right of action of one who loses his life through the fault of another survives, and to whom, also, is given a separate right of action for the injury resulting by reason of the same fault. Plaintiffs are therefore before the court by virtue of a special statute, authorizing them to recover the damages which their brother might have recovered at the moment of his death, as, also, the damages which they sustained by reason of his death, through the fault of the defendant, and, as we have seen, the damages recoverable in such cases include those resulting from moral as well as material injury, from injury to feelings as well as to purse."

The court further said (page 1003 of 128 La., 55 So. 641, 653):

"* * * No one can recover to whom the statute has not given the right, limits the number of persons by whom such right may be exercised within reasonable bounds and makes it an easy matter to apportion the amounts to be awarded, if it can be said that there is an apportionment when

each sufferer recovers upon the merits of his, or her, own claim. As to the assessment of the damages, we have already noted that, in cases of this kind, our law vests 'much discretion' in the judge or jury. Civ. Code, art. 1934, par. 3; Caspar v. Prosdame, 46 La. Ann. 40, 14 So. 317; Taylor v. Ellington, 46 La. Ann. 375, 15 So. 499. In the exercise of that discretion we fix the amount to which plaintiffs are entitled, on the cause of action which survived the decedent, in their favor and by reason of his physical suffering at $1,000.

"As to the amount which should be allowed for the mental suffering inflicted on plaintiffs by reason of the untimely death of the brother, * * * we have concluded to fix the amount to be allowed on this count at $50, making a total of $1,050."

The only argument advanced by the defendant that the right of action should be jointly asserted in one proceeding is one of convenience for the tort-feasor; i. e., that it is better that all parties be brought in one case before the same court and the whole litigation ended at one time. Let us see what inconvenience would result to the plaintiffs if they are required to all appear in the same court in one suit. Suppose a man living in New Orleans, while driving his automobile in Shreveport, ran over and killed the parents of six major children and that three of the children lived in Shreveport and three in New Orleans. Under the general law, the tort-feasor could be sued at his domicile, which we will say, is New Orleans, and he could likewise, under paragraph 9 of Act No. 130 of 1926, be sued at Shreveport, where the accident occurred. In such a case the parties plaintiff would be placed to the same inconvenience complained of by the defendant, if all of them were required to join in one suit.

In the case of Clairain v. Telegraph Co., 40 La. Ann. 178, 3 So. 625, the Supreme Court held that it was unobjectionable for all the beneficiaries under the statute to join in one suit as parties plaintiff against the tort-feasor.

It would also appear that such separate suits should be consolidated for the purpose of trial wherever the rights of the parties would not be prejudiced thereby.

We have come to the conclusion that the only practicable and logical manner to give effect to the provisions of the statute is to interpret them as giving the respective beneficiaries named therein separate rights of action to recover damages for injury, pain, and suffering of the deceased and for loss of support, companionship, and affection, for which they might bring separate suits against the tort-feasor; the amount due each for loss of support, companionship, and affection depending upon the facts and circumstances surrounding the relation of the beneficiary to the deceased, and the amount to be awarded for the pain and suffering of deceased to be uniformly and equally distributed among the different survivors or beneficiaries, and such fact to be taken into consideration in each case. In other words, assuming that the pain and suffering of the deceased would amount to, say, $5,000, and that there were five children, each child would be entitled to the sum of $1,000, and that amount fixed in each case.

No issue has been raised as to the third item of damages, i. e., necessary expenses.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the exception of non-joinder of parties filed by defendant be, and the same is, overruled, and the case remanded to the lower court for such proceedings not inconsistent with the views herein expressed and according to law.