## McDONALD et al. v. EMPLOYERS MUT. CASUALTY CO.

### Civ. No. 2170.

District Court, W. D. Louisiana, Shreveport Division.

Sept. 12, 1947.

L. Wright Lee, of Shreveport, La., for plaintiffs.

Irion & Switzer of Shreveport, La., for defendant.

PORTERIE, District Judge.

The present suit was brought against the Employers Mutual Casualty Company, as the liability insurer of T. S. Sale, of Haynesville, Louisiana, to recover damages for the death of one Wilson Sam McDonald who was killed in a truck accident occurring in Claiborne Parish, Louisiana, on April 27, 1946.

The plaintiffs in the suit are Alson McDonald, the father of the deceased, and several brothers and sisters of the deceased. The complaint alleges that Wilson Sam McDonald died unmarried and without descendants and that his mother died April 18, 1947.

The basis of the father's claim is that he inherited deceased's right of action for the latter's injuries and resulting death, while the other plaintiffs, brothers and sisters of deceased, allege that they inherited their mother's right of action resulting from the death of their brother, she having died after the death of the brother.

The accident resulting in the death of Wilson Sam McDonald having occurred in Louisiana, the right of action, if any, of the plaintiffs is based upon Article 2315 of the Revised Civil Code of Louisiana, which, as last amended, provides as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of above persons, then in favor of the surviving brothers and sisters, or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.

"If the above right of action exists in favor of an adopted person, such right of action shall survive in case of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, and in default of any of the above persons, then in favor of the surviving children of the adoptive parents, or either of them, and in default of these in favor of the surviving father and mother of the adopted person, or either of them, and in default of these, then in favor of the surviving brothers and sisters of the adopted person, or either of them, for the space of one year from the death.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be. (As amended, Acts 1884, No. 71; 1908, No. 120; 1918, No. 159; 1932, No. 159, § 1)"

The defendant first appeared and filed a motion to dismiss the claims of the brothers and sisters of the deceased upon the theory that Article 2315 of the Revised Civil Code of Louisiana is sui generis and that any right of action that the mother may have had died with her and was not transmitted to nor inherited by her other children. Under the jurisprudence of Louisiana, this motion was well founded, and was not contested by the brothers and sisters. Accordingly, the Court maintained this motion and dismissed the suit of these brothers and sisters. Kerner v. Trans-Mississippi Terminal Railway Co., 158 La. 853, 104 So. 740; Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365; Castelluccio v. Cloverland Dairy Products Company, Inc., 165 La. 606, 115 So. 796.

The effect of this ruling was to leave the suit pending between Alson McDonald, the father, as the sole plaintiff, and the defendant. The defendant, following this ruling, filed a second motion to dismiss, this time moving to dismiss the suit of the father on the ground that his deceased son was married at the time of the fatal accident, that his wife, from whom he was not divorced, was still living, and that under the provisions of Article 2315 of the Revised Civil Code of Louisiana, the deceased's wife was the only person who had a right of action for the death of Wilson Sam McDonald, to the total exclusion of his father.

### Findings of Fact

The evidence adduced on the motion to dismiss the suit of the father, Alson McDonald, shows, and the Court finds as a fact, that Wilson Sam McDonald was married to one Lillie Mae George in Claiborne Parish, Lousiana, or December 15, 1933. The record contains the original marriage license and return thereon and reveals that the license was regularly issued by A. O. Christian, Clerk of Court of Claiborne Parish, Louisiana. The return thereon shows that the marriage was performed by Lee Johnson, a minister of the gospel, in the presence of five witnesses, who signed the return along with the minister. The parties to the marriage did not sign the return.

Instead of making a return on the license to the issuing authority, as provided by law, the minister handed the license and return to Wilson Sam McDonald. McDonald delivered it to Mr. V. E. Lowe, a merchant

of Haynesville, Louisiana, with the request that Mr. Lowe keep it for him. This Mr. Lowe did, retaining it in his safe from the time McDonald handed it to him until he produced it at the trial of the motion.

■ Thus a license was regularly issued and a wedding ceremony performed by a regularly ordained minister. This was a substantial compliance with the law of Louisiana, and the marriage was good and valid.

■ In addition to the license and return introduced in evidence, there appears in evidence the testimony of the wife, Lillie Mae George, now a resident of Michigan, which shows that she was married to Wilson Sam McDonald in 1933, that she later separated from him but that no divorce had ever been rendered. She is corroborated in this by the testimony of her mother, Sinnie Howard, also now a resident of Michigan. The proof reveals that Wilson Sam McDonald and his wife resided in the vicinity of Haynesville, Louisiana, for several years following their marriage, and bore the reputation of being a married couple in the community. All of this being true, it is an established fact that these people were married and that Wilson Sam McDonald was survived by a legal wife. Cameron v. Rowland, 208 La. 663, 23 So.2d 283; Holmes v. Holmes, 6 La. 463, 26 Am.Dec. 482; Succession of St. Ange, 161 La. 1085, 109 So. 909; Boykin v. Jenkins, 174 La. 335, 140 So. 495.

### Conclusions of Law

Article 2315 of the Revised Civil Code of Louisiana, and the jurisprudence of Louisiana thereunder, is the law of the case. This article grants a right of action for death to the surviving spouse and minor children of the deceased to the exclusion of any one else. There being a surviving spouse in this case, but no children, the exclusive right of action is vested in the surviving wife.

■ The appellate Courts of Louisiana have repeatedly held, without exception, that this article of the Code is sui generis, must be strictly construed, and may not be interpreted in conjunction with other articles of the Civil Code or other laws. Only such rights of action exist as are provided in this article and only to those therein named and in the order specified. The order of succession named in the article is exclusive and the Courts are powerless to make any changes therein. It is only in the absence of these first named in the article that the second named have a right of action, and so on. The following authorities are pertinent:

Hubgh v. New Orleans & C. Railway Co., 6 La.Ann. 495, 54 Am.Dec. 565; Hermann v. New Orleans & C. Ry. Co., 11 La.Ann. 5; Earhart v. New Orleans & C. Ry. Co., 17 La.Ann. 243; Walton v. Booth, 34 La.Ann. 913; Kerner v. Trans-Mississippi Terminal Ry.Co., 158 La. 853, 104 So. 740; McCubbin v. Hastings, 27 La.Ann. 713; Vredenburg v. Behan, 33 La.Ann. 627; Van Amburg v. Vicksburg S. & P. Ry. Co., 37 La.Ann. 650, 55 Am.Rep. 517; Huberwald v. Orleans Ry. Co., 50 La.Ann. 477, 23 So. 474; Flash v. Louisiana Western Ry. Co., 137 La. 352, 68 So. 636, L.R.A.1916E, 112; Chivers v. Roger, 50 La.Ann. 57, 23 So. 100; Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 34 So. 749; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L.R.A.,N.S., 387; Vaughan v. Dalton-Lard Lbr. Co., 119 La. 61, 43 So. 926; Moulin v. Monteleone, 165 La. 169, 115 So. 447; Reed v. Warren, 172 La. 1082, 136 So. 59; Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 150 So. 855; Thornton v. Central Surety & Ins. Corp., La.App., 191 So. 179; Thornton v. Peak, La.App., 191 So. 182; Burthlong v. Huber, La.App., 4 So.2d 480; Goodwin v. El Dorado Baking Co., La.App., 31 So.2d 230.

Judgment in conformity with the above opinion dismissing plaintiff's suit will be signed upon presentation.