DOUCET et al. v. TRAVELERS
INS. CO. et al.
Civ. No. 2917.

United States District Court
W. D. Louisiana, Opelousas Division.
July 12, 1950.

James G. Dubuisson, Edward Dubuisson, Opelousas, La., for plaintiffs.

J. J. Davidson, Jr., Lafayette, La., and Lawrence Simon, New Iberia, La., for defendants.

PORTERIE, District Judge.

The defendants have developed well the uncontroverted facts in this, their joint motion for summary judgment.

On February 26, 1949, Malcolm Doucet, decedent herein, 25 years of age, and Doris Vidrine, 17 years of age, had just been married and had started on their honeymoon at the time of the highway accident which took both lives. The groom's divorced parents sue defendants for his death in this action; the bride's parents sue the same defendants in a separate action for her death. Defendants are the liability insurers of the two vehicles involved. The Traders and General Insurance Company is the insurer of the Plymouth automobile in which the couple was riding. The Travelers Insurance Company is the insurer of the Mack truck, owned by the Lane-Wells Company, the other vehicle involved in the fatal accident.

The bride and groom were being driven south on the Opelousas-Lafayette paved highway by one Howard Manuel, son of Delta Manuel, the owner of the Plymouth. When the Plymouth had passed the village of Carencro (between Opelousas and Lafayette) it overtook several vehicles going south. At that time and place the pavement was wet and slippery. The Mack truck was then traveling north. Unable to stop in time to avoid hitting the automobile ahead, the Plymouth swerved to the left lane of traffic and the oncoming Mack truck and the Plymouth collided, causing the instantaneous death of the newly-married couple.

The driver of the Mack truck stopped and went to the scene to find both dead. The driver of an automobile following the Mack truck hastened to the scene to find both dead. No one else testified.

On this motion for summary judgment defendants contend that the bride survived the groom and exclusively had the right of action for her husband's death. Plaintiffs contend the deaths were simultaneous and that accordingly they are entitled to the right of action for the groom's (their son's) death.

Thus we are presented with a serious question on this motion, to wit: Do these parents have the right of action for their son's death; or, did the wife have that exclusive right?

In order to answer this question numerous others must be answered: 1. Did one or the other die first? 2. If so, who has the right of action? 3. Did they die simultaneously? 4. If so, who has the right of action? 5. Does it make any legal difference who died first in view of the short lapse of time between the deaths?

No one testified or deposed that either one of the married couple died before the other. The testimony is that they were both found dead shortly after the accident. Accordingly, we have either to guess, to assume, or to presume that a particular one survived; or, to guess, to assume, or to presume that they died simultaneously.

"An accident occurs from which both parties die under circumstances such as to make it impossible to say from evidence which one of the two died first. That *fact,* as a matter of necessity, has to be decided. It stands in the very path of a decision. The court has either to assume that both died simultaneously, or presume that one died before the other. We say assume that the parties died simultaneously, for the reason that *there is no presumption in this state of the simultaneousness of the death of two parties."* Succession of Langles, 1901, 105 La. 39, 29 So. 739, 748. (Emphasis ours).

Of course, the Langles case, supra, decided the question of the descent and distribution in the successions of a mother and daughter killed in a common catastrophe, devoid of evidence as to who survived, and

not the question of who would have the right of action for the other's death.

The Louisiana law relative to commorientes inheriting from each other is found in four articles of its Civil Code. La.R.C.C., arts. 936–939.

Since there were reciprocal wills involved in the Langles case, supra, a contention was made that, since those articles are found in the Title I of Book III of the Civil Code, entitled "Of Successions" and not in Title II of Book III of the Civil Code, entitled "Of Donations Inter Vivos (Between Living Persons) and Mortis Causa (In Prospect of Death)", the articles were not applicable in settling the testate successions. The Supreme Court of Louisiana held otherwise; that is, that the presumption articles in Title I applied to a succession settled under Title I or Title II.

Plaintiffs in this action make a similar contention; that is, that the above articles on presumption of survivorship do not apply, since this is an action under Title V of Book III of the Civil Code of Louisiana, or Article 2315. Plaintiffs would then have us hold that the deaths were simultaneous, and that, therefore, the parents of each could sue for their respective child, since the children, bride and groom, had no descendants.

In view of the reasoning of the Langles case, supra, and particularly the statement therein that " * * * there is no presumption in this state of the simultaneousness of the death of two parties", we cannot go along with plaintiffs' contention on an assumption. To hold with the plaintiffs would be a fallacia consequentis—a non sequitur:

"As between excluding a legal presumption by construction and acting upon an assumption not authorized *under any circumstances,* there should be no difficulty in fixing the proper course." Succession of Langles, 105 La. 39, 29 So. 739, 749. (Emphasis ours).*

Accordingly, since there is an absence of " * * * circumstances of the fact", La.R.C.C., art. 936, tending to or determining who died first, and since the deaths were "instantaneous" (complaint), we cannot be " * * * guided by the probabilities resulting from the strength, age, and difference of sex * * *", La.R.C.C., art. 937, but we must follow Article 939 of the Louisiana Revised Civil Code, the pertinent part of which provides: "If those who have perished together were fifteen years of age or older and under sixty years * * * the younger must be presumed to have survived the elder whether male or female."

■ Consequently, the bride, Doris Vidrine, is legally presumed to have survived her deceased husband, Malcolm Doucet.

This fact once established, we have no difficulty in applying the law—that article of the Civil Code under which plaintiffs sue—Article 2315 of the Louisiana Revised Civil Code.

■ Of course that article is sui generis and is applied strictly with reference to the survivors entitled to sue for wrongful death. McDonald v. Employers Mut. Casualty Co., D.C., 73 F.Supp. 198; Reed v. Warren, 172 La. 1082, 136 So. 59; Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740; Hardtner v. Ætna Casualty & Surety Co., La.App., 189 So. 365.

■ Under the facts of the instant case, only the wife could have sued for her husband's wrongful death. Her parents could not inherit her right of action to sue for her husband's wrongful death. It is not an heritable action. Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104

---

* In the case of McDonald v. Employers Mut. Casualty Co., D.C., 73 F.Supp. 198, at page 200, we said:

"The appellate Courts of Louisiana have repeatedly held, without exception, that this article of the Code is sui generis, must be strictly construed, *and may* not be interpreted in conjunction with other articles of the Civil Code or other laws." (Emphasis ours).

The emphasized passage is not necessary to the decision; we (the author of the opinion) now declare it to be obiter dictum.

So. 740; Hardtner v. Ætna Casualty & Surety Co., La.App., 189 So. 365.

The plaintiffs cannot sue for their son's death when he is survived by his widow, as under Article 2315 of the Louisiana Civil Code a widow precludes parents.

The next question is: Does the fact that the bride is presumed to have survived— and did legally survive, although for a very short subdivision of time—affect the decision with respect to the right of action for the death herein? Plaintiffs alternatively contend that the time between the two deaths was so short and inconsequential that they should be permitted to sue for their son's death.

■ The Louisiana Legislature does not permit parents to sue for the death of a married child survived by a spouse—the courts cannot legislate and give plaintiffs a right of action which is in derogation of common right. Art. 2315, La.R.C.C.; Hubgh v. New Orleans & C. R. Co., 6 La. Ann. 495, 54 Am.Dec. 565; Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Goodwin v. El Dorado Baking Co., La.App., 31 So.2d 230; Mejia v. United States, 5 Cir., 152 F.2d 686.

■ It is unfortunate that a cause of action is alleged here with no one having the right to sue for it and that the one who once had that right—but for a fleeting moment—never had a chance to exercise it. That is a matter which addresses itself to legislative action—a contingency which the Legislature may see fit to remedy. The life history of Revised Civil Code Article 2315—its legislative growth—is good evidence on this score.

The right of action for the husband's death perished with the wife's death. Herbert v. United States, D.C., 39 F.Supp. 267; Hardtner v. Ætna Casualty Co., La.App., 189 So. 365.

And since the wife had not even sued— much less had "issue joined therein"—her right abated with her death. Louisiana Code of Practice, art. 21, as amended.

Summary judgment dismissing the action of the plaintiff will be signed upon presentation.