BOLIN, Judge.
This is an action in tort by the surviving brothers and sisters of Charlie and Sammie Hoy. The defendants are the Stuyvesant Insurance Company (erroneously named Stuyvesant Insurance Company of New York), the liability insurer of the vehicle owned and operated by Walter C. Hoy, Sr. in which Charlie and Sammie Hoy were guest passengers; Ouachita Gravel Company, Inc. and its insurer, Fidelity & Casualty Company of New York; and the driver, Clifton E. Walker. After plaintiffs had rested their case, defendants, Clifton Walker, Ouachita Gravel Company, Inc. and Fidelity Casualty Insurance Company of New York, prior to the introduction of any evidence, filed an exception of no cause or right of action and a motion for a summary judgment. The lower court sustained the exception, granted the motion for summary judgment, and, accordingly, dismissed plaintiffs’ demands against defendants. Thereafter, the remaining defendant, Stuyvesant Insurance Company, presented its defense on the merits and judgment was rendered in favor of Walter C. Hoy, Jr., Margie L. Hoy Gross, James Edwin Hoy, Eddie Hoy, Margie L. Hoy Gross for the use and benefit of the minor, Frances Marie Hoy, against the Stuyvesant Insurance Company for $5,000 with interest and costs. This sum was awarded for damages arising from the death of Charlie Hoy and represented the maximum limit under the policy of insurance issued by Stuyvesant Insurance Company for injury or death toi one person. The trial court rejected the demands of the aforementioned plaintiffs for damages arising from the death of Sammie Hoy and likewise rejected the demands of all plaintiffs against Ouachita Gravel Company, Inc., Fidelity & Casualty Insurance Company and Clifton Walker. Excellent written reasons were assigned by the trial judge, which we acknowledge with gratitude.
From this judgment, plaintiffs devolu-tively appealed from the portion of the judgment rejecting their demands for the death of Sammie Hoy and, also, from the part of the judgment that rejected their demands against Ouachita Gravel Company, Inc., Fidelity & Casualty Insurance Company and Clifton Walker. Stuyvesant Insurance Company appealed suspensively from that portion of the judgment in favor of the brothers and sisters of Charlie Hoy.
Our review of the evidence shows that on the morning of October 18, 1960, at approximately 7:30 a. m., Clifton E. Walker was driving a gravel truck and trailer, loaded with 15 yards of sand, and owned by Ouachita Gravel Co., Inc., in a northerly direction on State Highway 3033. While driving his truck about 25 or 30 miles per hour on his right side of the road, Walker met the oncoming Ford automobile being operated by Walter C. Hoy, Sr. When the two vehicles were approximately 50 or 60 feet apart, the Hoy vehicle suddenly swerved to its left into the lane of travel of the gravel truck, causing the collision. The evidence further shows that *910 when the truck driver saw the Ford car suddenly encroaching upon his lane of traffic, he pulled the truck to the right and applied the brakes. There were excellent photographs filed in evidence which clearly depict the scene of the accident as well 3s the path of the Hoy vehicle up to the point of collision. While the evidence is conflicting as to whether Hoy skidded 100 or 200 feet before veering into the path of the oncoming truck, there is no dispute that such skidding was in a straight line and entirely within Hoy’s lane of travel.
All three occupants of the Hoy vehicle were killed and there was no evidence as to why the driver lost control of the vehicle, but the testimony of the witnesses and the photographs convinced the trial judge that the truck driver did all in his power to avoid the accident and that no negligence on his part was shown. After our independent review of the evidence, we have come to the same conclusion and can, therefore, find no error, manifest or otherwise, in such factual conclusion reached by our brother below.
Plaintiffs contend the lower court committed error in finding the truck driver free of negligence in two principal regards. It is first contended the driver was operating his truck at an excessive speed through an unincorporated town or village contrary to LSA-R.S. 32:225, and that such excessive speed was the proximate cause of the accident. The lower court concluded the truck driver was operating the truck and trailer at a reasonable rate of speed under the circumstances and we concur in this finding of fact.
Plaintiffs next contend the truck driver, his employer and its insurer should be held responsible under the doctrine of last clear chance or discovered peril, and cite as authority, Rottman v. Beverly, 183 La. 947, 165 So. 153 (1936) and Jackson v. Cook, 189 La. 860, 181 So. 195 (1938). We do not think the above cases are appropriate to the facts of the instant case in that we find no evidence to show Walker was not keeping a proper lookout ahead or that the straight, head-on skidding of the Hoy car manifested any apparent danger to him. In other words, we are unable to find any evidence that should have alerted Walker to any impending danger until the emergency was created by the sudden swerving of the 1Toy car to its left and into Walker’s lane of travel, which was approximately 60 feet from the point of collision. Under these circumstances, we are of the opinion that Walker was faced with a sudden emergency and not held strictly accountable for his actions except to react as any other reasonable person would have under similar conditions. Having concluded the truck driver was faced with a sudden emergency created by the negligence of the oncoming vehicle, we have no-difficulty in finding his subsequent acts, were reasonable and did not subject him. to liability. Martin v. Firemen’s Insurance Co. of Newark, N. J., 241 La. 1047, 132 So.2d 892 (1961); Dean v. Pitts (La. App. 2 Cir., 1960) 133 So.2d 917 and Peeples v. Dobson (La.App. 2 Cir., 1957) 99 So.2d 161.
Neither Charlie nor Sammie Hoy had been married and plaintiffs are their brothers and sisters. The question then arises, whether plaintiffs have a cause of action against their father’s insurer.
LSA-C.C. art. 2315, prior to its amendment which became effective on January 1,. 1961, provided in part as follows:
“Every act whatever of man that causes damage to another, obligates him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the-children, including adopted children or children given in adoption, or spouse of the deceased, or either of them, and' in default of these in favor of the surviving father and mother or either of them, and in default of any of the-above persons, then in favor of the surviving blood brothers and sisters, or- *911 either of them, for the space of one year from the death.” (Emphasis supplied by this Court.)
The relevant Articles regarding the presumptions of survivorship are as follows:
LSA-C.C. Article 936 is:
“If several persons respectively entitled to inherit from one another, happen to perish in the same event, such as a wreck, a battle, or a conflagration, without any possibility of ascertaing [ascertaining] who died first, the presumption of survivorship is determined by the circumstances of the fact.”
Article 937:
“In the absence of circumstances of the fact, the determination must be guided by the probabilities resulting from the strength, age, and difference of sex, according to the following rules.”
Article 938:
“If those who have perished together were under the age of fifteen years, the eldest shall be presumed to have survived.
“If they were above the age of sixty years, the youngest shall be presumed to have survived.
“If some were under sixty years of age, and some were sixty years of age or older, the first shall be presumed to have survived.
“If some were under the age of fifteen years, and some were fifteen years or older and less than sixty years of age, the latter shall be presumed to have survived.”
Article 939:
“If those who have perished together were fifteen years of age or older and under sixty years, the male shall be presumed to have survived, where there was an equality of age, or a difference of less than one year, otherwise the younger must be presumed to have survived the elder whether male or female.”
The district judge concluded Walter Hoy, Sr. survived his son, Sammie Hoy, and under the above quoted portion of Article 2315, the cause of action for the death of Sammie Hoy survived in favor of Walter Hoy, Sr. in preference to the deceased’s brothers and sisters; that because he was the driver of the vehicle insured by the Stuyvesant Insurance Company, Walter Hoy, Sr. had no right to sue his own insurer for his own negligence; that under LSA-C.C. art. 2315, as existing at the time of the accident, the cause of action abated with the death of Walter C. Hoy, Sr.
The main witnesses to the question of survivorship, or sequence of deaths, of the three Hoys were John W. Lacy and Charles Cobb. John Lacy, an employee of Kil-patrick’s Funeral Home in West Monroe, received a call about the accident at approximately 7:30 a. m.; arrived at the scene accompanied by Charles Ramsey at approximately 7:45; and noted that Walter Hoy, Sr. and Charlie Hoy were on the ground beside the automobile. Sammie Hoy was still in the vehicle. John Lacy started to. the automobile in order to remove Sammie Hoy, but an unknown individual informed him that Sammie Hoy was dead, and, therefore, Lacy and Charles Ramsey placed Walter Hoy, Sr. and Charlie Hoy in the ambulance. Lacy testified Walter Hoy, Sr. and Charlie Hoy were alive when they were placed in the ambulance. Lacy drove the ambulance to the hospital and Charles Ramsey rode in the rear with the patients. Upon arrival at the hospital, both Walter C. Hoy, Sr., and Charlie Hoy were dead.
 Charles Cobb testified he was employed by Peters Funeral Home and received a call about 7:35 or 7:40 a. m. on the morning of the accident. He went to the scene; arriving there about 7:48 a. m., and noted Kilpatrick’s ambulance already *912 there with the driver and his assistant in the process of loading the second patient into the ambulance. Cobb went straight to the Hoy atttomobile in order to remove Sammie therefrom. He testified there were no visible signs of life in Sammie Hoy. The body was cold, clammy, pale and he could detect no respiration. He also testified he left the scene of the accident some two minutes or less after John Lacy and, in fact, arrived at the hospital before the arrival of the other ambulance. Therefore, we conclude, as did the learned trial judge, the vast preponderance of the evidence establishes that Walter Hoy, Sr. survived Sammie Hoy. We also concur in the lower court’s conclusion that any cause of action inuring to Walter Hoy, Sr. for the death of his son abated with his death under LSA-Civil Code Article 2315 prior to its amendment in January, 1961, (Kerner et al. v. Trans-Mississippi Terminal R. Co. et al., 158 La. 853, 104 So. 740, 1925), which renders unnecessary any ruling on our part as to whether the heirs of Walter Hoy, Sr. could institute any such action under the codal article as amended based on their father’s conceded negligence.
On the question of survivorship and presumption as between Walter Hoy, Sr. and Charlie Hoy, we note the following in the district judge’s written reasons for judgment:
“ * * * John Lacy, testified positively that Walter C. Hoy, Sr. and Charlie Hoy were alive at the time they put them in the ambulance. It was stipulated by counsel that they were dead on arrival at the hospital * * *
“Article 939 of LSA-C.C. provides that Walter C. Hoy, being the elder, died first. * * * Therefore, the Court is of the opinion that the brothers and sisters are entitled to judgment against the liability insurer of Walter C. Hoy, Sr. to the extent of the maximum provision of the policy, which is $5,000.00, this sum to be equally divided among the plaintiffs, with legal interest from judicial demand until paid.”
We find no error in these factual findings or in the law as applied to such facts.
Appellant, the Stuyvesant Insurance Company, contends that no recovery should have been allowed for the death of Charlie Hoy because there is no presumption of simultaneousness of death where several parties perish in a calamity and cites Succession of Langles, 105 La. 39, 29 So. 739 (1900). In the instant case, it is argued that because the ambulance attendant was present with Charlie Hoy and Walter Hoy, Sr. while they were being transported to the hospital there was, therefore, a “possibility of ascertaing [ascertaining] who died first” under LSA-C.C. art. 936. However, we find no merit in this argument. To the contrary, we are convinced all evidence relating to this subject was presented that was available and there remained no possibility of ascertaining who died first as between Charlie Hoy and Walter Hoy, Sr., and, therefore, the presumptive article of the code was properly applied.
 The next question presented on appeal is the correctness of the lower court’s ruling in sustaining the exception of no cause or right of action and the motion for summary judgment filed on behalf of Clifton Walker, Ouachita Gravel Company, Inc. and Fidelity Casualty Insurance Company. Plaintiffs contend such ruling by the lower court was clearly erroneous, not authorized by our Louisiana Code of Civil Procedure and, in fact, contrary to Article 966 thereof. Pretermitting the question of whether such ruling was either permitted by law or contrary to any specific provisions thereof, plaintiffs must concede that such a procedure did not in any way prejudice their rights. Indeed, if any such rights were prejudiced, they were those of the defendants involved because certainly the defendant in any contested tort action cannot be compelled to offer evidence in its own behalf after plaintiff has rested its case. From a practical viewpoint that is *913 what the defendant did in the instant case. Therefore, this court clearly has the complete record before it and is at liberty to render any judgment that is proper in the premises under LSA-C.C.P. art. 2164, which provides in part as follows:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * 5ft S}C »
Under the official comments relating to the above article we find the following:
“(a) The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below. * * * ”
For the reasons stated, the judgment of the lower court is affirmed at the cost of appellant, Stuyvesant Insurance Company.
Affirmed.